OP 20-0209

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 140

CARL JAMES DAENZER,

      Petitioner,

   v.

MUNICIPAL COURT OF THE CITY OF MISSOULA,
MISSOULA COUNTY, and THE HONORABLE
KATHLEEN JENKS, Municipal Court Judge,

      Respondent.

| | |
|---|---|
| ORIGINAL PROCEEDING: | Petition for Writ of Supervisory Control<br>In and For the County of Missoula<br>Cause No. TK-620-2019-8570<br>Honorable Kathleen Jenks, Presiding |

COUNSEL OF RECORD:

      For Petitioner:

          Lance P. Jasper, Erik M. Anderson, Reep Bell & Jasper, P.C., Missoula, Montana

      For Respondent:

          Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant Attorney General, Helena, Montana

Submitted on Briefs: May 22, 2020

Decided: June 2, 2020

Filed:

_____
Clerk

FILED

06/03/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0209

Justice Laurie McKinnon delivered the Opinion and Order of the Court.

¶1 Pursuant to M. R. App. P. 14(3)(a), Petitioner Carl James Daenzer (Daenzer) seeks a writ of supervisory control. Daenzer asserts the Municipal Court of the City of Missoula is proceeding under a mistake of law because it denied Daenzer's motion to depose a material witness in the underlying criminal matter against him.

¶2 Daenzer was charged with partner family member assault of his girlfriend, Jennalea Peabody (Peabody); criminal destruction of or tampering with a communication device, Peabody's cell phone; and disorderly conduct. Daenzer's counsel informed the prosecutor that he wanted a pretrial interview of Peabody. In response, the prosecutor informed defense counsel that Peabody did not wish to participate in an interview.

¶3 Daenzer filed a motion in Municipal Court arguing that he needed Peabody's deposition to prepare his defense. Daenzer requested the Municipal Court enter an order allowing him to depose Peabody pursuant to § 46-15-201(1)(c), MCA. The City responded that Peabody would be available at trial for cross-examination and therefore Daenzer had no right to compel her pretrial deposition. The Municipal Court denied Daenzer's motion concluding that the lack of a witness interview did not result in a "failure of justice" under § 46-15-201(1)(c), MCA. Daenzer then filed his petition for writ in this Court. In compliance with this Court's Order of April 15, 2020, the State filed its Response to Daenzer's petition.

¶4 This Court has supervisory control over all other courts in Montana, and may, on a case-by-case basis, supervise another court through a writ of supervisory control. Mont. Const. art. VII, § 2(2); M. R. App. P. 14(3). Supervisory control is an extraordinary

2

remedy and is appropriate when the normal appeal process is inadequate, when the case involves purely legal questions, and when one or more of the following exists: (1) the other court is proceeding under a mistake of law and is causing a gross injustice; (2) constitutional issues of state-wide importance are involved; and (3) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3). Here, Daenzer argues the Municipal Court is proceeding under a mistake of law by denying the deposition of an uncooperative material witness prior to trial. We conclude the Municipal Court is not operating under a mistake of law. Our conclusion is dispositive of Daenzer's petition.

¶5 Section 46-15-201, MCA, sets forth when a deposition in a criminal case may be taken. Of relevance here, § 46-15-201(1)(c), MCA, provides:

> (1) In district or municipal court cases, a deposition may be taken if it appears that a prospective witness:
>
> . . .
>
> (c) is unwilling to provide relevant information to a requesting party and the witness's testimony is material and necessary in order to prevent a failure of justice. The court shall, upon motion of any party and proper notice, order that the testimony of the witness be taken by deposition and that any designated books, papers, documents, or tangible objects, not privileged, be introduced at the time the deposition is taken.

Section 46-15-201, MCA, cannot be read in isolation. Section 46-15-202, MCA, provides the procedure for taking depositions in a criminal case, and mirrors many of the procedures of the criminal trial itself. For example, a defendant has the right to be present at a deposition and, if in custody, the "officer having custody shall produce the defendant and keep the defendant in the presence of a witness during the deposition,"

3

§ 46-15-202(5), MCA; a party defendant's deposition may only be taken upon his consent and "the scope and manner of examination and cross-examination must be restricted as would be allowed in the trial itself," § 46-15-202(2), MCA; and, whenever a deposition is taken in a criminal case and a defendant is unable to bear the expense of travel, subsistence, transcription costs, or cost of counsel, the costs must be paid by the city for a municipal court proceeding or by the state for a district court proceeding, § 46-15-202(7), MCA. Depositions must be taken before "an officer authorized by the laws of this state to administer oaths" or a "person appointed by the court . . . to administer oaths and take testimony." M. R. Civ. P. 28(a)(1). Accordingly, §§ 46-15-201 and -202, MCA, preserve a defendant's fundamental trial rights under the Montana and United States Constitutions. If a defendant's rights were not protected by these statutory procedures, use of deposition testimony at a defendant's subsequent trial would violate, among other fundamental rights, a defendant's right to be present at his trial and the right to confront witnesses against him.

¶6      The 1991 Commission Comments express this same purpose of preserving trial testimony that might not otherwise be available for trial. The purpose of the statute "is to set forth the limited use of depositions in criminal cases. They are only to be used when the state or defendant needs a deposition to avoid the loss of a witness material to the case." Section 46-15-201, MCA, Annotations, Comm'rs Comments (1991). In State v. Austad, 197 Mont. 70, 641 P.2d 1373 (1982), the defendant requested the trial court order depositions of several FBI expert witnesses and argued FBI restrictions on dissemination of information by telephone prevented the witnesses from telephonically answering the defendant's questions. This Court noted there had been thorough and ample

4

discovery of forensic evidence and concluded that because the FBI witnesses would be available at trial to testify, there would be no danger their testimony would be lost to the defendant. This Court also noted that the trial court provided the defendant the opportunity to request a continuance in order to adequately rebut the expert's testimony, but that Austad did not make any such request. On other occasions, this Court has similarly explained that "[t]he ability to question adverse witnesses, however, does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." State v. Reynolds, 243 Mont. 1, 8, 792 P.2d 1111, 1115 (1990) (citation omitted). "[T]he right of a defendant to confront his accusers is not equivalent to a constitutionally compelled rule of pretrial discovery. Rather, the right of confrontation is a trial right, guaranteeing an opportunity for effective cross-examination. See Pennsylvania v. Ritchie, 480 U.S. 39, 107 S. Ct. 989, 94 L.Ed.2d 40 (1987)." Reynolds, 243 Mont. at 7, 792 P.2d at 1115. While we appreciate Daenzer's argument that taking Peabody's deposition would assist in counsel's effectiveness and presentation of a defense, both of which are fundamental constitutional rights, we decline to impose a requirement for routine depositions which would stretch beyond the limited purpose of the statutes.

¶7 A pretrial interview of a witness is distinguishable from the limited use of depositions in criminal trials. Daenzer is not asserting a right to compel a pretrial interview because pretrial interviews are not provided for by any statute or constitutional right. In the context of a criminal trial, as compared to discovery in a civil case, the State and defendant are mandated by statute to make certain disclosures and to exchange and produce

5

evidence and information. See §§ 46-15-322 and -323, MCA. In particular, the State must disclose any exculpatory evidence or "information that tends to mitigate or negate the defendant's guilt as to the offense charged or that would tend to reduce the defendant's potential sentence." Section 46-15-322(1)(e), MCA. A court can address a situation and provide appropriate relief where it is alleged the prosecutor is attempting to "sandbag" the defense or institute a "trial by ambush" after considering the allegations and the circumstances of the case. For example, in Austad, the trial court considered the discovery that had already been provided and indicated it would allow for a continuance following the expert's testimony if one were requested. Austad, 197 Mont. at 94-95, 792 P.2d at 1386-87. Here, while Daenzer originally asked for a pretrial interview, the relief he requested was pursuant to a statute allowing for the limited use of depositions in criminal cases. Daenzer did not allege a violation of the discovery statutes or that the City was behaving in bad faith, and we do not suggest what relief would have been appropriate had he done so.

¶8     In contrast, depositions in criminal cases are provided for by statute and are designed to protect a defendant's trial rights, not enhance pretrial discovery. Section 46-15-201, MCA, provides that the trial court "may" order the deposition of a material witness who is unwilling to provide relevant information to prevent a "failure of justice." The statute is clearly discretionary and, as Austad and the Commission Comments make clear, does not create a statutory or constitutional right for defendants to routinely depose State's witnesses. Daenzer knows Peabody is the alleged victim and will be present at trial to testify and be cross-examined. Daenzer has the police reports concerning the

6

incident.  The limited purpose of the statutes, which are designed to protect a defendant's fundamental trial rights, do not allow a defendant an enhanced discovery tool to gather more information for his defense.

¶9     The Municipal Court is not proceeding under a mistake of law which is causing a gross injustice.

¶10    Accordingly, IT IS ORDERED that Daenzer's Petition for Writ of Supervisory Control is GRANTED.  The Municipal Court's Order Regarding Deposition of Witnesses is AFFIRMED.

The Clerk of the Supreme Court shall provide a copy of this Order to the Honorable Kathleen Jenks, Municipal Court Judge, and to all parties of record.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ JIM RICE
/S/ DIRK M. SANDEFUR