

FILED

04/13/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0167

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0167

WILLIAM JOSEPH HOPPER,

Petitioner,

v.

MONTANA FOURTH JUDICIAL DISTRICT
COURT, MISSOULA COUNTY, HON. JOHN
W. LARSON, presiding,

Respondent.

FILED

APR 1 3 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioner William Joseph Hopper, via counsel, seeks a writ of supervisory control vacating an Order of the Fourth Judicial District Court, Missoula County, denying Hopper's motion to compel witness interviews or depositions in Cause No. ADC-20-265. Hopper maintains that the court erred in denying his motion to compel because he will be forced to go to trial without being able to complete necessary discovery. He further requests that the District Court matter be stayed pending the resolution of this petition. Trial is set for Monday, April 19, 2021, and thus the matter is time-sensitive.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Ct.*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Having reviewed Hopper's petition and exhibits, we have determined to summarily deny the petition for the reasons set forth below.

Hopper explains that he is facing a charge of sexual intercourse without consent. As part of discovery, his counsel sought to interview the alleged victim, C.W., but the prosecutor informed Hopper's counsel that C.W. declined to be interviewed. The prosecutor later rebuffed defense counsel's renewed request of an interview and allegedly refused to provide certain "background materials" about C.W. that defense counsel also requested.

Hopper, via counsel, then moved the District Court to compel C.W. to either participate in an interview or to sit for a deposition. Hopper argued that he was entitled to interview all witnesses who would testify against him under § 46-15-322(5), MCA, which provides:

> Upon motion showing that the defendant has substantial need in the preparation of the case for additional material or information not otherwise provided for and that the defendant is unable, without undue hardship, to obtain the substantial equivalent by other means, the court, in its discretion, may order any person to make it available to the defendant. The court may, upon the request of any person affected by the order, vacate or modify the order if compliance would be unreasonable or oppressive. The prosecutor may not be required to prepare or disclose summaries of witnesses' testimony.

Hopper further asserted that under § 46-15-201(1)(c), MCA, he had the right to depose a witness who refused to be interviewed. That statute provides in relevant part that a deposition may be taken if the prospective witness "is unwilling to provide relevant information to a requesting party and the witness's testimony is material and necessary in order to prevent a failure of justice." Hopper acknowledges that, recently, in *Daenzer v. Mun. Ct.*, 2020 MT 140, 400 Mont. 179, 464 P.3d 996, this Court denied a deposition request in the same circumstances:

> [D]epositions in criminal cases are provided for by statute and are designed to protect a defendant's trial rights, not enhance pretrial discovery. Section 46-15-201, MCA, provides that the trial court "may" order the deposition of a material witness who is unwilling to provide relevant information to prevent a "failure of justice." The statute is clearly discretionary and, as *Austad* and the Commission Comments make clear, does not create a statutory or constitutional right for defendants to routinely depose State's

2

witnesses. Daenzer knows Peabody is the alleged victim and will be present at trial to testify and be cross-examined. Daenzer has the police reports concerning the incident. The limited purpose of the statutes, which are designed to protect a defendant's fundamental trial rights, do not allow a defendant an enhanced discovery tool to gather more information for his defense.

*Daenzer*, ¶ 8. (Citing *State v. Austad*, 197 Mont. 70, 641 P.2d 1373 (1982).)

Hopper argued the District Court should grant his motion to compel because his counsel wished to ask C.W. questions beyond those she was asked by the State within its interviews. He argued the State's questions were designed to elicit information about C.W. as an alleged crime victim, while Hopper wished to challenge C.W.'s version of events by delving into areas of inquiry known to the defense. Hopper argued it was crucial that his counsel be allowed to obtain this discovery pretrial and that counsel could not properly prepare for trial if she was only able to learn this information during cross-examination at the trial itself.

The District Court denied Hopper's motion to compel. Relying on *Daenzer*, it ruled that Hopper was not entitled to routinely depose the State's witnesses for the purpose of enhancing pretrial discovery. The court further ruled that under existing caselaw, a witness cannot be forced to sit for an interview. Furthermore, it noted that Hopper "has access to police reports, medical reports, and recordings detailing witness statements" and that Hopper had not demonstrated that any of the witnesses he sought to interview or depose would not be available for cross-examination at trial.

Hopper now petitions this Court for writ of supervisory control. He maintains that urgency or emergency factors make the normal appeal process inadequate because, "in the event of conviction, the record on appeal will display only the inescapably ill-challenged testimony of C.W.," and Hopper will be forever denied the opportunity to glean information from a pretrial interview with C.W. that could be used at trial. Hopper further maintains that this matter presents a purely legal question and that it is appropriate for this Court to take supervisory control because the District Court is proceeding under a mistake of law and causing a gross injustice by denying his motion to compel. Hopper also alleges

3

that this matter is appropriate for writ of supervisory control because a constitutional issue of statewide importance is at issue: that the District Court's denial deprives Hopper of due process rights under the U.S. and Montana Constitutions, specifically, the meaningful opportunity to present a complete defense, the right to effective counsel, and the right to reciprocal discovery. Hopper contests the wording in *Daenzer* that "pretrial interviews are not provided for by any statute or constitutional right" as either dicta or incorrect, but, in any event, distinguishes his position from *Daenzer*, wherein we noted that "Daenzer is not asserting a right to compel a pretrial interview," as he is doing here. *Daenzer*, ¶ 7. As we further explained in *Daenzer*, "Daenzer did not allege a violation of the discovery statutes or that the City was behaving in bad faith, and we do not suggest what relief would have been appropriate had he done so." *Daenzer*, ¶ 7.

Hopper argues that this Court should revisit or clarify *Daenzer*, which he states changed over fifty years' routine treatment of witness interviews as an ordinary but important feature of trial preparation. Hopper maintains that *Daenzer* eliminated the threat of court-ordered depositions as a tool to compel uncooperative witnesses to accede to interview requests, and, as a result, prosecutors no longer routinely facilitate defense interviews of the State's witnesses. He surmises that witnesses are no longer advised that consenting to an interview is preferable to a deposition, but rather are advised that they cannot be compelled to cooperate with discovery.

We acknowledge that Hopper's request to interview the victim of the crime has constitutional implications bearing on his right to present a defense to the charge that must be considered either in conjunction with statutory discovery, or beyond the statutory process. In that regard, we note that § 46-15-322(1), MCA, requires a prosecutor to make available "material and information" within the prosecutor's "possession or control," and that, under subsection (5), upon the defendant's showing of "substantial need" in the preparation of the defense of "additional material or information not otherwise provided for," the court, "in its discretion, may order any person to make it available to the defendant." Notable is the statute's repeated use of "material" and "information" that is in

the prosecutor's "possession or control," and the absence of any reference to witnesses. Indeed, the statute provides that a prosecutor "may *not* be required to prepare or disclose *summaries* of witnesses' testimony." (Emphasis added.)

The constitutional implications present here do not alter the principle that defense requests to interview the victim, as with depositions, remain within the sound discretion of the trial judge conducting the trial. *Daenzer*, ¶ 8 (§ 46-15-201, MCA, "is clearly discretionary" and "does not create a statutory or constitutional right for defendants to routinely depose [the] State's witnesses."). Section 46-15-322(5), MCA, provides that "[t]he court, *in its discretion, may* order any person to make it available to the defendant. The court *may*, upon the request of any person affected by the order, vacate or modify the order if compliance would be *unreasonable or oppressive*." (Emphasis added.)

Here the District Court considered Hopper's request, and reasoned that Hopper had been provided with "police reports, medical reports, and recordings detailing witness statements," including a recorded interview. The situation is identical to *Daenzer*, and must be considered routine. We cannot conclude the District Court abused its discretion in denying Hopper's request in consideration of the information already provided to ensure Hopper's constitutional rights are protected. Hopper will have a full opportunity to cross examine the victim at trial, and can make a record necessary to support his claim that the District Court's ruling was inadequate to protect his rights, allowing the issue to be raised on appeal, if any. Therefore,

IT IS ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Fourth Judicial District Court, Missoula County, Cause No. ADC-20-265, and the Honorable John W. Larson, presiding.

DATED this 13 day of April, 2021.

Chief Justice

5

_____

_____

_____

_____
Justices