FILED

04/13/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0155

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 21-0155

DAVID M. YEAROUS,

      Petitioner,

v.

MONTANA FIFTH JUDICIAL DISTRICT
COURT, MADISON COUNTY, HON.
LUKE M. BERGER, Presiding Judge,

      Respondent.

O R D E R

FILED

APR 1 3 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Petitioner David M. Yearous seeks a writ of supervisory control directing the Fifth Judicial District Court, Madison County, to grant partial summary judgment in Yearous's favor in its Cause No. DV-29-2019-4. Yearous alleges the District Court should have granted him partial summary judgment on liability and causation by ruling that the defendant in the underlying matter was negligent per se. However, the District Court denied partial summary judgment because it found that a question of fact precluded it. Yearous then attempted to have the court reconsider its ruling, but the court concluded that the Montana Rules of Civil Procedure did not provide for a renewed motion for partial summary judgment.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court,* 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with

Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Here, Yearous asserts that the issue presented is purely one of law and that the District Court's ruling is causing a gross injustice. However, Rule 14(3) also requires that urgency or emergency factors exist that make the normal appeal process inadequate. Yearous does not assert urgency or emergency, nor does he allege that appeal is an inadequate remedy. Rather, he asserts, "Supervisory control will result in judicial economy and eliminate inevitable procedural entanglements certain to occur if the Court does not issue a writ of supervisory control."

As set forth above, supervisory control is an extraordinary remedy and its issuance requires urgency or emergency factors that make the normal appeal process inadequate; an assertion that a writ promotes "judicial economy" does not meet this requirement. This Court has held that conserving resources, without more, is insufficient grounds to justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Court*, No. OP-19-0348, 397 Mont. 552, 449 P.3d 787 (table) (Aug. 6, 2019). In this instance, Yearous has not demonstrated that his remedy on appeal would be inadequate.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Fifth Judicial District Court, Madison County, Cause No. DV-29-2019-4, and the Honorable Luke M. Berger, presiding Judge.

DATED this 13 day of April, 2021.

_____
Chief Justice

2

_____

_____

_____

_____
Justices

3