

FILED

08/31/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0352

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0352

CHAD BURTON HILL and LOUISA BISSETTE,

Petitioners,

v.

MONTANA FIFTH JUDICIAL DISTRICT
COURT, BEAVERHEAD COUNTY, The
Honorable Luke Berger, Presiding,

Respondent.

FILED

AUG 3 1 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioners Chad Burton Hill and Louisa Bissette seek a writ of supervisory control to vacate the Fifth Judicial District Court's order in Beaverhead County Cause Nos. DC-20-3960 and DC-20-3691 removing their joint counsel from further representation of either and directing each to obtain separate counsel. At our invitation, both the District Court and the State of Montana have responded.

Hill and Bissette each are charged with drug-related offenses in Beaverhead County. Attorney Jack Morris has been representing them and filed a "Consent to Representation with Potential Conflict." On the State's motion, the District Court held a hearing to determine whether Morris had an actual conflict of interest that precluded joint representation. Based on evidence presented at the hearing, the court found that an actual conflict of interest existed, precluding Morris from being able to represent either or both. In particular, the State had determined Hill to be more culpable than Bissette and had offered her a plea agreement that called for her to provide information and testimony against Hill. Because Morris had been put in the position of having to advance either Bissette's or Hill's interests, the District Court concluded that removal was the only solution. It reasoned:

> Given the record before the Court, it appears any advice given by Mr. Morris could negatively impact one of his client's rights. If he advises Bissette to take the deal, then it could hurt Hill. If he advises Bissette not to take the deal

and go forward with a unified defense it could hurt Bissette.

The court found that the outside advice each had received from other attorneys did not mitigate the conflict under the circumstances presented. Rather, "given the State's representations, it appears from the record the [conflict] is not hypothetical, but a reality." The court directed the defendants to seek and obtain separate counsel.

Bissette and Hill argue that the District Court is in error because each knowingly and voluntarily agreed to waive any conflict and proceed with dual representation. They maintain that they "have invested significant time and monetary resources to retain" their current counsel and "believe that his continued representation is in their individual and mutual best interests." They contend that the District Court is depriving them of their fundamental right to be defended by their chosen counsel. This, they argue, implicates the fairness of the pending criminal proceedings and presents an emergent or urgent circumstance justifying this Court's supervisory intervention.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). We determine on a case-by-case basis whether supervisory control is appropriate. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

Having reviewed the petition and the responses, we conclude that Hill and Bissette have not established the criteria for an extraordinary writ. The District Court made findings based on the evidentiary record before it and drew its conclusions from its consideration of that evidence. We review for abuse of discretion a trial court's ruling on a motion to disqualify counsel. *Krutzfeldt Ranch, LLC v. Pinnacle Bank*, 2012 MT 15, ¶ 13, 363 Mont. 366, 272 P.3d 635. The petition does not raise an issue that is purely one of law but involves a matter of discretion; it therefore fails to satisfy the standards for supervisory

2

control. It is the Court's general practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Westphal v. Mont. Eleventh Judicial Dist. Court*, No. OP 21-0387, 2021 Mont. LEXIS 663 (Aug. 17, 2021) (citing cases). Bissette and Hill acknowledge that they retain the right to seek review of the District Court's disqualification order on appeal, should they be convicted of the charged offenses. We are not persuaded that the District Court's order is a mistake of law that will cause a gross injustice.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

IT IS FURTHER ORDERED that the stay of proceedings imposed by this Court's July 27, 2021 Order is lifted.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioners, all counsel of record in the Fifth Judicial District Court, Beaverhead County, Cause Nos. DC-20-3960 and DC-20-3691, and to the Honorable Luke Berger, presiding Judge.

DATED this 31st day of August, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices