OP 11-0212

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 182

---

DENNIS STOKES, as Personal Representative
of the Estate of Peter Andrew Carter,

       Plaintiff and Petitioner,

    v.

THE MONTANA THIRTEENTH JUDICIAL
DISTRICT COURT, AND THE HONORABLE
RUSSELL C. FAGG, PRESIDING JUDGE,

       Respondents.

O P I N I O N
A N D
O R D E R

---

¶1     This matter comes before the Court on Plaintiff's Petition for Writ of Supervisory Control. Plaintiff asks this Court to exercise supervisory control, pursuant to M. R. App. P. 14, over the Montana Thirteenth Judicial District Court, and to conclude the District Court's order of March 17, 2011, granting Defendant Ford Motor Company's Motion in Limine, was in error. The underlying case arises from a motor vehicle accident in which Peter Carter was killed during an ensuing rollover. Plaintiff Dennis Stokes, as Personal Representative of Carter's Estate ("Stokes"), filed a wrongful death and survival action against three defendants: the vehicle manufacturer, Ford; the auto rental company, Overland West, Inc. ("Overland"); and the other driver involved in the accident, Todd Durham.

¶2     Stokes alleged Durham was negligent in the operation of his vehicle for causing the initial crash, which Durham subsequently admitted. Stokes's claims against the other two defendants were premised on the theory that the initial impact caused only minor injuries, but the seatbelt in the vehicle slackened and spooled out during the rollover, allowing Carter to be partially ejected from the vehicle and causing his fatal head injury.

1

Stokes alleged negligence in Ford's design, development and testing of its occupant restraint system, and asserted a claim based in strict products liability for Ford's defective design of the system. He alleged Overland was negligent for failing to maintain the vehicle in a safe condition, and strictly liable for placing the defective vehicle in the stream of commerce.

¶3 Following the reasoning in *Chapman v. Mazda Motor Co. of Am.*, 7 F. Supp. 2d 1123 (D. Mont. 1998), the District Court ruled that § 61-13-106, MCA, did not prohibit evidence of seatbelt use or nonuse in products liability claims, but did prohibit such evidence in negligence claims. The court concluded that it would be too confusing for the jury to admit the evidence on the products liability claims but exclude it on the negligence claims, even with an appropriate limiting instruction. The court thus informed Stokes that if he planned on using evidence of seatbelt use or nonuse in his strict liability claims against Ford and Overland, he would be required to drop his negligence claims against all three defendants.

¶4 Stokes petitioned this Court for supervisory control on the basis that the District Court was proceeding based on a mistake of law, thereby causing a substantial injustice, for which he has an inadequate remedy on appeal. M. R. App. P. 14. We ordered the District Court and/or the defendants to respond to Stokes's petition. Ford and Overland filed responses. We thereafter classified the matter for oral argument and directed the parties to file supplemental briefs. We heard oral argument on June 28, 2011, and the matter is now ripe for disposition. We address two questions in resolving this petition: whether this is an appropriate case for exercise of supervisory control and whether the District Court erred in granting Ford's motion in limine. The latter inquiry turns on whether § 61-13-106, MCA, precludes evidence of seatbelt use in the trial of Stokes's negligence or products liability claims, or both.

## DISCUSSION

### 1. *Propriety of Supervisory Control*

¶5 Article VII, Section 2(2) of the Montana Constitution grants this Court "general supervisory control over all other courts." Supervisory control is an extraordinary

2

remedy, reserved for extraordinary circumstances. *Hegwood v. Mont. Fourth Jud. Dist. Court*, 2003 MT 200, ¶ 6, 317 Mont. 30, 75 P.3d 308. We will assume supervisory control over a district court to direct the course of litigation if the court is proceeding based on a mistake of law, which if uncorrected, would cause significant injustice for which appeal is an inadequate remedy. *Simms v. Mont. Eighteenth Jud. Dist. Court*, 2003 MT 89, ¶ 18, 315 Mont. 135, 68 P.3d 678. Whether supervisory control is appropriate is a case-by-case decision. *Id*. Acceptance of supervisory control is limited to cases involving purely legal questions, in which the district court is proceeding under a mistake of law causing a gross injustice or constitutional issues of statewide importance are involved. M. R. App. P. 14(3); *Plumb v. Mont. Fourth Jud. Dist. Court*, 279 Mont. 363, 369, 927 P.2d 1011, 1015 (1996) (superseded on other grounds). "Judicial economy and inevitable procedural entanglements [have been] cited as appropriate reasons for this Court to issue a writ of supervisory control." *Truman v. Mont. Eleventh Jud. Dist. Court*, 2003 MT 91, ¶ 15, 315 Mont. 165, 68 P.3d 654. In such an instance, "the denial of a speedy remedy by supervisory control would be a denial of justice." *Plumb* at 370, 927 P.2d at 1016.

¶6 In *Truman*, we accepted supervisory control to determine whether a defendant could present evidence of a subsequent accident with a non-party to disprove the defendant's liability for damages. We cited *Plumb*, where we held that were the case to proceed to trial under the claimed mistake of law, "the course of discovery, the cost of preparation, and the trial itself would be adversely affected." *Truman*, ¶ 15 (citing *Plumb* at 370, 927 P.2d at 1015-16). In both cases, we noted the additional time and expense for resolution of the controlling issues on appeal and the "inevitable" subsequent litigation. *Plumb* at 370, 927 P.2d at 1016; *Truman*, ¶ 15.

¶7 While we exercise supervisory control "only in extraordinary circumstances," *Safeco v. Mont. Eighth Jud. Dist. Court*, 2000 MT 153, ¶ 14, 300 Mont. 123, 2 P.3d 834, we conclude such circumstances are present in the instant case. Stokes presents a purely legal question: whether § 61-13-106, MCA, bars evidence of seatbelt use in his claims alleging defects in the Ford Explorer's seatbelt system. This is a question of first

impression, limited to construction of the statute, and the answer will govern whether the trial proceeds on one or both of Stokes's legal theories. If the District Court is affirmed, Stokes requests an order allowing bifurcated trials of his negligence and products liability claims. Ford, on the other hand, seeks a ruling barring evidence of seatbelt use altogether or affirming the trial court's order requiring Stokes to elect between his two legal theories.

¶8      If the District Court is reversed and both theories are allowed to advance, preparation and presentation of the case will be significantly affected. Unlike the run-of-the-mill evidentiary ruling, *e.g. Sluggett v. Phillips*, 2006 Mont. LEXIS 370, this is not an issue that may be judged in the hindsight of trial to determine prejudice to a party's substantive rights. Rather, the ruling may determine whether the Plaintiff's combined claims will be tried at all, alone or together. The course of litigation will be dramatically altered depending on resolution of the question here presented. "If incorrect, the [district] court's conclusions will impact all aspects of the proceeding from preparation for trial to settlement negotiations and the trial itself." *Truman*, ¶ 16. An appeal would be an inadequate remedy given the costs and delay associated with the full re-trial almost certain to result if the district court's interpretation of the statute is set aside. Denial of a speedy remedy by supervisory control on the straightforward legal issue presented in the present case would amount to a substantial injustice. We therefore grant Stokes's petition and exercise supervisory control.

> *2. Admissibility of Seatbelt Use or Nonuse Under § 61-13-106, MCA.*

¶9      The Montana Seatbelt Use Act, passed in 1987, prohibits a driver from operating a motor vehicle upon a highway of the State of Montana "unless each occupant of a designated seating position is wearing a properly adjusted and fastened seatbelt." Section 61-13-103(1), MCA. Section 61-13-106, MCA, provides as follows:

> Evidence of compliance or failure to comply with 61-13-103 is not admissible in any civil action for personal injury or property damage resulting from the use or operation of a motor vehicle, and failure to comply with 61-13-103 does not constitute negligence.

4

¶10    Ford contends *all* evidence of seatbelt use or nonuse should be excluded in civil actions, as such evidence is prohibited by the plain language of § 61-13-106, MCA. In the alternative, Ford contends this Court should affirm the District Court's order allowing such evidence in products liability claims but disallowing it in negligence claims.

¶11    Stokes contends the statute is designed to apply only in instances where seatbelt use or nonuse is admitted to show comparative negligence—the so-called "seatbelt defense" wherein a defendant alleges the plaintiff's nonuse of a seatbelt caused or contributed to his or her injuries. The District Court charted a course in between the parties' principal contentions, in accord with *Chapman*. The *Chapman* court rejected an auto manufacturer's arguments that § 61-13-106, MCA, applied "across the board" in civil actions to preclude all evidence of seatbelt use or nonuse. *Chapman*, 7 F. Supp. 2d at 1126. The court observed that the statute's intent was not to foreclose "crashworthiness" products liability actions where "the condition of the car . . . is at issue, not the conduct of the seat belt users." *Id.* at 1126-27. The court concluded, "when a defective or inoperable restraint system is at issue in a design case, § 61-13-106, MCA, does not apply." *Id.* at 1127. Thus, the court reasoned, the statute "bars proof of seat belts in a claim for negligence," where the focus is on the parties' conduct, but "does not apply to product liability claims," where the focus is on the condition of the product. *Id.*

¶12    In light of this ruling, the *Chapman* court concluded that plaintiff "must elect her theory of liability." *Id*. If Chapman elected to proceed with her negligence claims, the Court would preclude evidence of seatbelt use. If she elected to proceed with a products liability design defect crashworthiness case, the evidence would be allowed. *Id.*

¶13    Mirroring the *Chapman* court's conclusions, the District Court's order rejected Ford's argument in part, ruling that the statute does not apply in the products liability context, but agreed that it does preclude evidence relating to seatbelt use or nonuse in negligence actions. The District Court then forced Stokes to choose between his products liability and negligence claims. For the reasons that follow, we now hold that § 61-13-106, MCA, does not prohibit the introduction of seatbelt use or nonuse evidence in a

5

damages claim for injuries arising from the condition of the vehicle's occupant restraint system, whether that claim sounds in negligence or in strict liability.

¶14 *Chapman* recognized that it would be inappropriate to apply the statute to crashworthiness claims, as those were not the claims to which the statute was addressed—rather, the statute was intended to prohibit use of seatbelt evidence in showing comparative or contributory fault in negligence actions. Despite this recognition, the court applied the statute's bar to a claim of negligent design of the passenger compartment because, in order to prove negligence, a plaintiff must prove she was not at fault, and that is the very issue for which the statute prohibits seatbelt evidence. *Chapman* at 1127. We agree with *Chapman's* conclusion that "when a defective or inoperable restraint system is at issue in a design case, § 61-13-106, [MCA,] does not apply." *Id.* We do not, however, confine this conclusion to products liability claims when, as here, "it is the condition of the [occupant restraint system] that is at issue" in the case. *Id.*

¶15 The statute prohibits the introduction of seatbelt use or nonuse "in any civil action for personal injury or property damage resulting from the use or operation of a motor vehicle." Section 61-13-106, MCA. Our purpose in construing the statute is to ascertain the legislative intent and give effect to the legislative will. Section 1-2-102, MCA. In our interpretation of a statute, " 'we must view it as a part of a whole statutory scheme and construe it so as to forward the purpose of that scheme.' " *Wright v. Ace Am. Ins. Co.*, 2011 MT 43, ¶ 24, 359 Mont. 332, 249 P.3d 485 (citation omitted).

¶16 The purpose of the Seatbelt Use Act is to encourage seatbelt use and to impose a legal requirement on the driver to ensure all occupants of the vehicle are properly belted. Section 61-13-103(1), MCA. The Act "expressly clarifies that the sole legal sanction for the failure to wear a seat belt is the [$20] fine imposed by the Act and that a person will not be penalized in a civil proceeding by connotations of fault for choosing not to wear a seat belt." *C.f. Bishop v. Takata Corp.*, 12 P.3d 459, 466 (Okla. 2000).

¶17 In this case, Stokes alleges injuries *resulting from the condition of the vehicle's occupant restraint system*. As seatbelts are the *sine qua non* of a vehicle's occupant

restraint system, where that system has been placed directly at issue, evidence relating to seatbelt use or nonuse must be allowed. Ford's interpretation of the statute to prohibit seatbelt evidence in such a case is "demonstrably at odds with the intentions of its drafters" and must be rejected. *S.L.H. v. State Compen. Mut. Ins. Fund*, 2000 MT 362, ¶ 31, 303 Mont. 364, 15 P.3d 948 (quoting *U.S. v. Ron Pair Enter.*, 489 U.S. 235, 242, 109 S. Ct. 1026, 1031 (1989)). The situation presented here today is not one contemplated by the statute—the conduct of the drivers is not at issue in the seatbelt claims and the evidence is not offered to attribute comparative negligence or contributory fault in hopes of influencing Stokes's recovery of damages. *E.g. DePaepe v. Gen. Motors Corp.*, 33 F.3d 737, 744-46 (7th Cir. 1994).

¶18 Most courts considering similar statutes have ruled that evidence of seatbelt use or nonuse is admissible in cases raising the defective design or condition of the seatbelt. *See e.g. Bridgestone/Firestone, Inc. v. Glyn-Jones*, 878 S.W.2d 132 (Tex. 1994); *Bishop,* 12 P.3d at 462 n. 13, 466 (citing cases). After the Minnesota Supreme Court's contrary ruling in *Olson v. Ford Motor Co.*, 558 N.W.2d 491 (Minn. 1997), the Minnesota legislature amended its statute to clarify expressly that seatbelt evidence is admissible in products liability actions. 1999 Minn. Laws 106 (codified at Minn. Stat. § 169.685 subdiv. 4).

¶19 We are not persuaded that Ford will suffer prejudice from the introduction of evidence that Carter was wearing a seatbelt. Since the spooling out of the belt is a primary focus of Stokes's claim, the jury would inescapably become aware of the fact of seatbelt use. All photos of the crash scene clearly depict the seatbelt in use. *See DePaepe* at 746 n. 11 ("the jury knew [that DePaepe was not belted] anyway . . . [w]e therefore cannot agree that the seat belt evidence was excessively prejudicial."). We also find unconvincing Ford's argument that allowing evidence of use or nonuse of a seatbelt when the occupant restraint system is at issue will create a "one-way street." The case law does not support Ford's claim that, in practice, such a ruling "would always exclude seatbelt nonuse from evidence but always admit seatbelt use," as "a vehicle occupant who was not wearing a seatbelt would obviously never claim the seatbelt was defective."

7

¶20 For example, where a plaintiff brought an action against an auto manufacturer for negligent design of the seat back in her vehicle, the Delaware Supreme Court allowed the manufacturer's affirmative defense that plaintiff's injuries were caused in part by her failure to wear a seatbelt, despite a Delaware seatbelt use law very similar to Montana's. *Gen. Motors Corp. v. Wolhar*, 686 A.2d 170 (Del. 1996). Rejecting Wolhar's request to exclude evidence of her seatbelt nonuse, the Delaware Supreme Court noted that the nature of Wolhar's allegations "challenge[d] the 'crashworthiness' " of her vehicle, and consequently, the concerns addressed by the statute were "not implicated." *Id.* at 172-73.

¶21 Similarly, in *Clark v. Mazda Motor Corp.*, 68 P.3d 207 (Okla. 2003), the auto manufacturer, Mazda, sought to introduce evidence that the plaintiff, Clark, was not wearing her seatbelt at the time of an accident, when Clark claimed that her vehicle's seat back and/or seat design was defective. Observing that Clark's theory "call[ed] into question the design of the seat's occupant restraint system," the court allowed the evidence, concluding that it was directly related to her claim of insufficient crashworthiness. *Id.* at 209. Nor was application of the rule limited to plaintiffs in *Gardner v. Chrysler Corp.*, 89 F.3d 729, 732 (10th Cir. 1996), where, along the same lines as in *Clark*, the manufacturer successfully introduced evidence of seatbelt nonuse to rebut plaintiff's claims of a defective restraint system. *See also Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 886 (10th Cir. 2006) (manufacturer sought to introduce evidence of seatbelt nonuse, notwithstanding seatbelt statute, for purposes of showing plaintiff's state of mind: "Great American does not . . . insinuate fault for [plaintiff's failure to wear a seat belt] . . . [i]t argues he was suicidal.").

¶22 Consistent with the majority of courts to have considered the issue, we find no indication the legislature intended to abrogate a claim arising from defective design or condition of a vehicle's occupant restraint system. We decide only the issues before us in this case, and conclude that when the plaintiff's injuries are alleged to result from a defect in the vehicle's occupant restraint system, whether the claim sounds in negligence or strict liability, § 61-13-106, MCA, does not preclude evidence of seatbelt use or nonuse. We additionally hold that where, as here, the plaintiff's claim is combined with a claim

against the driver of another vehicle involved in the crash, a limiting instruction must be given.

¶23 We disagree with Ford that a limiting instruction to clarify the allowable purposes to which the evidence could be put will necessarily confuse the jury. Other courts have approved limiting instructions in similar cases. The court in *DePaepe* approved the following instruction:

> You may consider the fact that plaintiff's 1984 Buick Regal was equipped with functional seat belts in accordance with federal and Illinois law for the purpose of determining whether the overall design of the vehicle was reasonably crashworthy. However, you may not consider plaintiff's use or non-use of seat belts in determining, one, whether the plaintiff was at fault for his own injuries and/or, two, whether plaintiff's use or non-use of his seat belt caused his injury.

*DePaepe*, 33 F.3d at 745.

The court in *Wolhar* similarly directed the trial court to instruct the jury "that the seat belt evidence may only be considered for the limited purpose of determining whether negligently defective vehicular design was the proximate cause of Mrs. Wolhar's enhanced injuries." *Wolhar*, 686 A.2d at 177.

¶24 We conclude an appropriate limiting instruction may be fashioned in the circumstances of this case without substantial risk of jury confusion. Our ruling today will facilitate the accurate presentation of the defective seatbelt allegations to the jury while also ensuring that all parties whose conduct may have contributed to Carter's injuries are brought before the court in order for the jury properly to apportion liability, in the event Stokes prevails on his negligence claim at trial.

¶25 In sum, we conclude that evidence relating to Carter's use of a seatbelt is not prohibited by § 61-13-106, MCA, under the facts and legal theories presented by this case. Such evidence shall be admissible as it bears on the condition of the vehicle's occupant restraint system. On remand, the District Court shall fashion an appropriate jury instruction to ensure the evidence is used only for this purpose, and not as is prohibited by § 61-13-106, MCA.

¶26 IT IS HEREBY ORDERED that the Petition for Writ of Supervisory Control is GRANTED.

¶27 IT IS FURTHER ORDERED that the District Court's Order of March 17, 2011, granting defendant's Motion in Limine, is REVERSED. We remand this case to the District Court for further proceedings consistent with this opinion.

¶28 The Clerk of Court is directed to provide copies hereof to all counsel of record and to the Honorable Russell C. Fagg, Thirteenth Judicial District Court Judge, presiding.

¶29 DATED this 1st day of August, 2011.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

/S/ JAMES P. REYNOLDS
District Judge James P. Reynolds,
sitting for Justice Michael E Wheat