FILED

03/17/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0139

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0139

FILED

MAR 17 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

MONTANA DEPARTMENT OF JUSTICE,
MONTANA HIGHWAY PATROL,

Petitioner,

v.

SIXTH JUDICIAL DISTRICT COURT PARK
COUNTY, HONORABLE BRENDA R. GILBERT,
Presiding Judge,

Respondent.

ORDER

Petitioner Montana Department of Justice, Montana Highway Patrol (MHP) seeks a writ of supervisory control directing the Sixth Judicial District Court, Park County, to reverse its Order denying MHP's motion for summary judgment in its Cause No. DV 19-40. In that Order, the District Court determined that questions of fact precluded summary judgment.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Jud. Dist. Ct.*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont.*

*Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Here, MHP asserts that the District Court is operating under an error of law and that the issue is purely one of law, the District Court's conclusion notwithstanding. However, although MHP recites Rule 14(3), it offers no argument as to why the normal appeal process would be inadequate in this case. It has therefore not met the criteria for this Court to assume supervisory control.

Therefore,

IT IS ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Sixth Judicial District Court, Park County, Cause No. DV 19-40, and the Honorable Brenda R. Gilbert, presiding Judge.

DATED this 17 day of March, 2020.

Chief Justice

Justices