

FILED

05/11/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0169

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0169

STEPHANIE MOORING, Individually, and as
Personal Representative of the ESTATE OF
ERYON BARNETT, Deceased, to specifically
include his minor son, B.J.W., and SARAH
WOOLARD, on behalf of B.J.W., a minor,
individually,

        Petitioners,

  v.

MONTANA EIGHTEENTH JUDICIAL
DISTRICT COURT, GALLATIN COUNTY,
HON. RIENNE H. McELYEA, presiding,

        Respondent.

FILED

MAY 1 1 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioners (hereinafter "Mooring"), through counsel, seek a writ of supervisory control to vacate an April 7, 2021 order[1] of the Eighteenth Judicial District Court, Gallatin County, in Cause No. DV-18-235B. The order compels Mooring to produce a cellular telephone to Bozeman Deaconess Health Services (Bozeman Health) which belonged to decedent Eryon Barnett. Bozeman Health would submit the phone to its consultant for non-destructive inspection. Mooring maintains the District Court erred in ordering Mooring to produce Barnett's phone. Both Bozeman Health and the District Court have responded in opposition to this Petition.

The litigation underlying this Petition involves a medical malpractice claim against Bozeman Health. The plaintiffs in that suit contend that Bozeman Health gave Barnett

---

[1] Captioned as "Order on Pending Motions: 1. Bozeman Health's Motion to Compel Discovery; 2. Bozeman Health's Motion for Protective Order Re: Depositions of John Hill, CEO and Mike Bertagnolli; 3. Bozeman Health's Motion for Protective Order Re: Subpoena to Defendants' Insurer."

excessive medication and did not properly monitor him, leading to his death, and that Bozeman Health failed to discover Barnett's death until approximately six to eight hours after he died. The parties agree that Barnett had the phone at issue in his possession and used it to communicate with friends and family during his hospitalization from July 2, 2015, until his death on July 4, 2015. After Barnett's death, his family was unable to access the data on the phone because of the phone's security measures. However, they obtained limited records from AT&T, Barnett's phone carrier, that revealed the dates and times of texts that Barnett sent and received during his hospitalization and the phone numbers of the other sender or recipient of those text messages.

During discovery, Bozeman Health asked Mooring to produce the phone for inspection. Bozeman Health identified a technology forensics examiner and informed Mooring that Bozeman Health intended to have this examiner inspect the phone and attempt to retrieve data in a non-destructive manner. After Mooring refused to produce the phone, Bozeman Health moved to compel its production.

The District Court held a hearing on Bozeman Health's motion to compel on March 24, 2021. Although Mooring argued that the phone data was irrelevant to its claims against Bozeman Health, Bozeman Health maintained that data from Barnett's phone could provide them with information that narrows the timeframe for Barnett's death because the records could reveal when he participated in phone calls. Bozeman Health also alleged the substance of Barnett's text messages could reveal information about his physical and mental state, including whether he was awake and oriented. The court then issued its order granting the motion and setting parameters for Bozeman Health's examination of the phone:

> The scope of the examination and testing shall be limited to retrieving any call records, voice messages, or text messages from any messaging program that may be found on the mobile phone for the dates July 2, 2015 through July 4, 2015. If it does not appear that data can be retrieved from Mr. Barnett's mobile phone non-destructively, Defendants shall not proceed with data recovery efforts.

2

Mooring then filed this Petition, asserting that the District Court erred by ordering Mooring to produce the phone.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

Mooring acknowledges that discovery rulings are typically able to be addressed, if necessary, during the normal appeal process. However, she argues that the normal appeal process is inadequate here because the District Court has allowed Bozeman Health to obtain private and confidential material. Mooring asserts that the constitutional privacy interests implicated by the court's ruling is an issue of state-wide importance and this Court should therefore accept supervisory control in this instance.

In response, Bozeman Health points out that this Court has historically accepted supervisory control to resolve discovery disputes only reluctantly and in extraordinary circumstances. It argues that Mooring has not demonstrated that urgent or emergency factors are present in this case that would render the normal appeal process inadequate.

Interlocutory orders pertaining to discovery are generally not reviewable in an original proceeding. *Hegwood v. Mont. Fourth Judicial Dist. Court*, 2003 MT 200, ¶ 6, 317 Mont. 30, 75 P.3d 308. This Court emphasized its consistent reluctance to review discovery rulings through supervisory control in *Mont. State Univ.-Bozeman v. Mont First Judicial Dist. Court*, 2018 MT 220, ¶ 17 n. 12, 392 Mont. 458, 426 P.3d 541:

> In granting this petition, we reiterate that pretrial discovery disputes are typically not appropriate for exercise of supervisory control. It is not our place "to micromanage discovery or perform exhaustive document review on

3

supervisory control." *BNSF Ry. Co. v. Mont. Eighth Judicial Dist. Court,* No. OP 11-0114, Or., 2011 Mont. LEXIS 285 (Mont. March 17, 2011). We will nonetheless sparingly exercise supervisory control over interlocutory discovery matters when required under truly extraordinary circumstances where the lower court is proceeding under a demonstrable mistake of law and the failure to do so "will place a party at a significant disadvantage in litigating the merits of the case." *Hegwood v. Mont. Fourth Judicial Dist. Court,* 2003 MT 200, ¶ 6, 317 Mont. 30, 75 P.3d 308 (citing State ex rel. Burlington N. R.R. v. Mont. Eighth Judicial Dist. Court, 239 Mont. 207, 212, 779 P.2d 885, 889 (1989)).

Mooring relies on *Am. Zurich Ins. Co. v. Mont. Thirteenth Judicial Dist. Court,* 2012 MT 61, ¶¶ 6-7, 364 Mont. 299, 280 P.3d 240, where the District Court granted a motion to compel the disclosure of correspondence that the petitioner asserted was protected by the attorney-client privilege and the work product doctrine. In that instance, the discovery consisted of an opinion and evaluation letter which defense counsel had provided to his client insurer that the client insurer's third-party adjuster in turn shared with its insured. *Am. Zurich Ins. Co.,* ¶¶ 2-3. Although we ultimately determined that supervisory control was not warranted, we found that review was appropriate because compelling discovery of potentially privileged material would make the normal appeal process inadequate. Had that letter been erroneously disclosed, it would have had the effect of placing American Zurich at a significant disadvantage in litigating the merits of the case. *Am. Zurich Ins. Co.,* ¶ 7.

In this case, Mooring has not demonstrated how non-destructive recovery of the phone data within the scope ordered by the District Court will place the plaintiffs at a significant disadvantage in litigating the merits of this case. This case is distinguishable from *American Zurich,* in which the disclosure of potentially privileged information would have provided the opposing party with an unfair advantage in the litigation. *Am. Zurich Ins. Co.,* ¶ 7. This is not to minimize the importance of the privacy interests Mooring asserts; however, the District Court attempted to balance these interests against Bozeman Health's right to discovery by limiting the scope of discovery. Moreover, should Bozeman Health's technology forensics examiner prove able to recover the data in a

4

non-destructive manner, Mooring is not precluded from moving the District Court to conduct an *in camera* examination of the recovered data, or to seek other limitations to disclosure.

Therefore, we decline to accept supervisory control over this matter as Mooring has not demonstrated that the normal appeal process is inadequate.

**Mooring's "Motion for Leave to File Additional Information to Correct the Record"**

Shortly after the Petition for Writ of Supervisory Control was submitted for this Court's consideration, Mooring filed a motion for leave to file "additional information" that she alleges "provides a more complete understanding of information provided to the District Court upon Bozeman Health's Response to the Petition." She described the "additional information" as, "Plaintiffs' comments and changes to the proposed order submitted by Defendant in the district court, together with the first page of the document from the Clerk's office indicating that the comments and changes were received and filed with the papers of the cause." Bozeman Health opposes Mooring's motion, responding that the "additional information" Mooring seeks to file does not correct the factual record but rather offers arguments in addition to those in the Petition. Bozeman Health argues that this Court should reject what is essentially an attempt to file a reply brief.

Because this matter is presently set for trial in the District Court beginning June 14, 2021, we resolve Mooring's motion for leave to file "additional information" without awaiting response from Bozeman Health as we conclude Mooring has not met her burden of persuasion. Under M. R. App. P. 14(5)(iv), a petition for writ must include a copy of each judgment, order, notice, pleading, document proceeding, or court minute referred to in the petition or which is necessary to make out a prima facie case or to substantiate the petition or conclusion or legal effect. M. R. App. P. 14(7)(a) provides in part that no reply memorandum shall be filed to the summary response except on order of this Court. We fail to see how the "additional information" Mooring seeks to file serves the requirements of Rule 14(5)(iv). As Mooring indicates, she wishes the Court to consider

this "additional information" in reply to Bozeman Health's response to her petition. Rule 14(7)(a) does not provide for such.

IT IS THEREFORE ORDERED that this Petition for a Writ of Supervisory Control is DENIED.

IT IS FURTHER ORDERED that Petitioner's Opposed Motion for Leave to File Additional Information to Correct the Record is DENIED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Eighteenth Judicial District Court, Gallatin County, Cause No. DV-18-235B, and the Honorable Rienne H. McElyea, presiding.

DATED this 11 day of May, 2021.

Justices