**ORIGINAL**

**FILED**

06/14/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0315

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 22-0315

STATE OF MONTANA, et al.,

Petitioners,

v.

MONTANA FIRST JUDICIAL DISTRICT
COURT, the HONORABLE KATHY SEELEY,
Presiding Judge,

Respondent.

FILED

JUN 1 4 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioner State of Montana et al. seeks a writ of supervisory control directing the First Judicial District Court, Lewis and Clark County, to amend its August 4, 2021 Order on Motion to Dismiss and to grant the State's motion to dismiss Request for Relief 5 of the Complaint for Declaratory and Injunctive Relief filed by Plaintiffs Rikki Held, et al. in that court's Case No. CDV-2020-307.

In the underlying Complaint, Plaintiffs brought an action against various state agencies to challenge the constitutionality of Montana's State Energy Policy and portions of the Montana Environmental Policy Act. They requested four forms of declaratory relief, which were numbered 1 through 4 in the Prayer for Relief, and further prayed that if they were awarded this relief, that the court further provide five equitable remedies, which were numbered 5 through 9 in the Prayer for Relief.

The State moved to dismiss the Complaint pursuant to M. R. Civ. P. 12(b)(1), 12(b)(6), and 12(h)(3).

In the August 4, 2021 Order on Motion to Dismiss, the District Court granted the motion to dismiss as to Requests for Relief 6, 7, 8, and 9 and denied the motion to dismiss with respect to all other claims.

On May 6, 2022, the State moved the District Court for clarification of the August 4, 2021 Order on Motion to Dismiss which had been issued nine months previously. In its brief in support, the State contended that the District Court's failure to dismiss Request for Relief 5 was inadvertent and it requested that the court specify it as such. Plaintiffs opposed the motion, arguing that the substance of the Order on Motion to Dismiss clearly indicates that the court deliberately denied dismissal of Request for Relief 5. Plaintiffs further accused the State of manufacturing "confusion" over the Order nine months after its issuance in an attempt to create grounds for relief from the Scheduling Order, issued December 27, 2021, that governs the case.

On May 24, 2022, the State filed both its reply brief and a Notice of Submittal in the District Court. On June 10, 2022, with the motion still pending in the District Court, the State petitioned this Court for writ of supervisory control, requesting this Court to dismiss Request for Relief 5.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

The State asserts this matter is appropriate for supervisory control because urgency and emergency factors make the normal appeal process inadequate. To support its claim of urgency or emergency, it points to the Scheduling Order in effect in this case, which was issued by the District Court on December 27, 2021, and which provides in relevant part that discovery shall be completed by July 15, 2022. The State asserts that it also has a pending motion to modify the Scheduling Order, which was fully briefed with a request for an expedited ruling on May 17, 2022. The State complains that the District Court has "ignored the State's repeated requests to quickly resolve this issue," and argues that the

2

imminent discovery deadline creates the urgency and emergency factors necessary for this Court to take supervisory control regarding the Order on Motion to Dismiss.

The State offers no explanation as to why it waited over nine months to ask the District Court to "clarify" its Order on Motion to Dismiss as it pertained to Request for Relief 5. The State also does not explain why it waited four and a half months to request modification of the Scheduling Order when the State, at the time the Scheduling Order was issued, had been aware of the District Court's rulings in the Order on Motion to Dismiss for months.

A party cannot manufacture urgency or emergency factors to fulfill the necessary criteria to justify a writ of supervisory control. In this case, the State attempts to do just that, making no effort to resolve any claimed "confusion" over the District Court's Order for over nine months and then claiming a crisis exists when the court fails to respond immediately to the State's demands for rulings. We observe that the State petitioned this Court for a writ of supervisory control less than three weeks after its motion seeking clarification had been fully submitted to the District Court. Since it took the State over nine months to file its motion, protesting that the District Court is "ignoring" the State because it has not ruled on the State's long-delayed motion within three weeks seems, at best, disingenuous.

Under M. R. App. P. 14(7)(a), upon the filing of a petition for writ, this Court may either order a summary response or dismiss the petition without ordering a response. In this instance, we conclude no response is necessary.

Therefore,

IT IS ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

On June 13, 2022, the State moved this Court to stay the proceedings in the District Court pending our disposition of the State's Petition for Writ of Supervisory Control. Having denied the State's Petition for Writ, the motion for stay is DENIED AS MOOT.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the First Judicial District Court, Lewis and Clark County, Cause No. CDV-2020-307, and the Honorable Kathy Seeley, presiding Judge.

DATED this 14ᵗʰ day of June, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

4