ORIGINAL

FILED

01/17/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0718

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0718

C.B. and G.S., Parents of A.B.,

Petitioners,

v.

MONTANA SECOND JUDICIAL DISTRICT
COURT, SILVER BOW COUNTY,
HON. ROBERT WHELAN, Presiding,

Respondent.

FILED

JAN 17 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioners C.B. and G.S., Parents of A.B. (Parents), petitioned for a writ of supervisory control to vacate the November 28, 2022 Order Extending Temporary Legal Custody Until Hearing of the Second Judicial District Court, Silver Bow County, in its Cause No. DN-20-68. In that Order, the District Court granted a motion filed by the attorney and guardian ad litem (GAL) of A.B., the youth in need of care who is the subject of the dependent-neglect action. Parents assert that the District Court erred in extending temporary legal custody on motion of the GAL because the Department of Health and Human Services is the only entity that is authorized by statute to file such motions. On Parents' filing, we requested responses and stayed the District Court proceedings pending consideration of their petition. The District Court, the GAL, and the Department have responded and urge denial of the petition. Counsel for Father C.B. also submitted a notice to this Court, clarifying certain filings and notices in the District Court referenced in the GAL's response. The Court has considered all filings from the District Court, the parties, and the GAL, including record materials attached to the parties' submissions.

The Parents' petition comes to this Court after more than two years of dependent-neglect proceedings in the District Court. The Department removed the child at issue from Mother's care during a time when Father was incarcerated. The court granted

Temporary Legal Custody (TLC) to the Department and ordered treatment plans for both parents. Without objection, the District Court extended TLC several times, the last time being a six-month extension ordered in June 2022. Father, in the meantime, had been released from prison, had relocated to Butte, and sought placement of the child with him.

On November 1, 2022, Father moved to dismiss the dependent-neglect case pursuant to § 41-3-424, MCA, and submitted a proposed parenting plan. On November 23, 2022, before the six-month extended TLC period expired, the GAL filed a Motion for Bridge Order Extending Temporary Legal Custody Until Hearing. That same day the District Court signed an order extending TLC "until this matter can be set for hearing." Father then moved to amend the Bridge Order to "dismiss this matter upon expiration of TLC on December 3, 2022." The GAL submitted a written report and recommendations on December 2, 2022, requesting the court to set a hearing on the Department's pending petition to terminate Mother's parental rights. Father filed a Notice of Issue on December 6, advising the court that his motions to dismiss and to amend the Bridge Order were fully briefed and ready for ruling. The following week, Parents filed their petition with this Court.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). We determine on a case-by-case basis whether supervisory control is appropriate. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

Parents assert that supervisory control is warranted here because the Department did not petition for extension of TLC, the GAL lacked legal authority to do so, and the District Court is proceeding under a mistake of law by extending TLC on the GAL's request. The Department points out that TLC had not expired at the time the GAL filed her motion and argues that the GAL's motion was not a petition to extend TLC but filed to alert the court

that it had not yet set a hearing on Father's motion to dismiss and that TLC would soon expire. The Department asserts that the GAL acted appropriately within her statutory duties to advocate for the child's best interests and welfare and to facilitate moving the proceedings forward, including resolution of Father's pending motion to dismiss and the Department's pending petition to terminate Mother's parental rights. The District Court adds that it issued the Bridge Order to preserve temporary legal custody until the court could hear oral arguments and address all pending issues and that the Parents filed their writ petition before the court set a hearing. Both the Department and the GAL assert that Parents' petition to this Court has only delayed resolution in the District Court. The Department further represents that the child currently is placed with Father, vitiating the urgency required for supervisory control.

Having reviewed the various submissions, we conclude that Parents are not entitled to an extraordinary writ under M. R. App. 14(3). The District Court has before it Father's motion to dismiss, the Department's petition to terminate Mother's rights, and the report and recommendation of the GAL. Although Father is correct that the Department is responsible under the law to request an extension of TLC, we are not persuaded under the procedural circumstances of this case that the District Court's "Bridge Order" is a mistake of law that will cause a gross injustice. Further, there are factual matters still to be determined, including whether the Department will withdraw its petition to terminate Mother's parental rights or seek a hearing and whether it intends to seek further TLC extensions and involvement with the family. Parents retain a right of appeal from any final adverse rulings in the case.

IT IS THEREFORE ORDERED that the stay of proceedings is LIFTED and the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Second Judicial District Court, Silver Bow County, Cause No. DN-20-68, and the Honorable Robert Whelan, presiding.

DATED this __17th__ day of January, 2023.

3

_____

_____

_____

_____
                  Justices