ORIGINAL

FILED

09/20/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0460

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 23-0460

MONTANA LEE COVINGTON,

Petitioner,

v.

MONTANA EIGHTH JUDICIAL DISTRICT
COURT, CASCADE COUNTY, THE
HONORABLE DAVID J. GRUBICH,
PRESIDING,

Respondent.

**ORDER**

FILED

SEP 2 0 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Petitioner Montana Lee Covington, via counsel, seeks a writ of supervisory control to reverse the ruling denying the State's motion to dismiss its petition for revocation in the Eighth Judicial District Court, Cascade County, in Cause No. ADC-22-003, in which Covington is the defendant. We have granted Covington's request that the District Court matter be stayed pending the resolution of this petition. At our request and pursuant to M. R. App. P. 14(7), Hon. David J. Grubich, District Court Judge, responded in opposition to the petition. The State filed notice that it agrees with the relief requested by Covington.

On March 27, 2023, the State petitioned to revoke Covington's deferred sentences for burglary and theft and his suspended sentence for criminal mischief before Judge Grubich in Cause No. ADC-22-003. Covington committed these offenses when he was a youth, but the cases proceeded in District Court after the court denied his request to transfer the cases to Youth Court. At the time the State petitioned for revocation, Covington was also facing new felony charges in Cause Nos. ADC-23-176, also before Judge Grubich, and BDC-23-206, also in the Eighth Judicial District Court, but before Hon. Elizabeth Best.

Covington and the State engaged in plea negotiations to attempt to resolve all three matters. On July 5, 2023, Covington appeared before Judge Grubich. At that time, a

petition for writ of supervisory control was pending before this Court in *Elendil v. Mont. Eighth Judicial Dist. Court*, No. OP 23-0322, which involved Judge Grubich's denial of a motion to dismiss a revocation petition filed by the State pursuant to a plea agreement. Covington advised the court that the parties' plea negotiations also included dismissing the revocation petition but negotiations had stalled because this Court's disposition of *Elendil* could affect the plea agreement. The District Court continued Covington's case, pending this Court's disposition of *Elendil*.

The next day, this Court issued its Order granting Elendil's petition for supervisory control. *Elendil v. Mont. Eighth Judicial Dist. Court*, No. OP 23-0322, Order (July 6, 2023). We concluded that supervisory control was warranted in Elendil's case because the District Court should have granted the State's motion to dismiss the revocation petition. We held that the court should have dismissed the petition because the State failed to meet its burden of proof at the evidentiary hearing when it declined to present any evidence and that the court violated Elendil's due process rights when it assumed a prosecutorial role in seeking evidence to support the State's petition.

After *Elendil* was decided, Covington and the State entered into a global plea agreement to resolve his three pending matters. As part of the agreement, Covington pled guilty in BDC-23-206 before Judge Best on July 17, 2023. Also pursuant to the agreement, the State agreed to dismiss the revocation petition and it then filed its motion to dismiss in ADC-22-003 on July 19, 2023.

On August 2, 2023, the District Court convened an evidentiary/disposition hearing for ADC-22-003 and a change-of-plea hearing for ADC-23-176 over which Judge Grubich presided. The State advised the court that dismissal of the revocation petition was part of the plea agreement. The court, however, denied the State's motion, stating in part, "I haven't been told by the State that it's unable to meet its burden; I haven't been told by the State that they don't think probable cause still remains for the petition, and given what's before the Court, I'm going to hold Mr. Covington to his sentence[.]"

Counsel for the State then advised the court that it was ready to proceed with the evidentiary hearing but that it would offer no witnesses. Covington's counsel, however,

2

moved to continue the evidentiary/disposition hearing, advising the court that he had been unable to adequately discuss the matter with Covington as extenuating circumstances had interfered with their ability to consult before the hearing. Counsel further moved to continue the change-of-plea hearing on ADC-23-176 because dismissal of ADC-22-003 was an element of the plea agreement. The court granted the continuance.

Covington then filed this petition for writ of supervisory control. Judge Best has also reset the sentencing hearing in BDC-23-206 for October 2, 2023, and at present, Covington is detained in Cascade County Detention Center.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

In this case, the legal question is whether the District Court erred in denying the State's motion to dismiss the revocation petition in ADC-22-003 considering this Court's holding in *Elendil*. As to whether an adequate remedy exists on appeal, the District Court alleges that Covington's circumstances are distinguishable from *Elendil*, where the court conceded the petitioner had no adequate remedy on appeal because he was incarcerated solely on the revocation matter. Here, the court alleges that while Covington was released without bond in BDC-23-206, the revocation matter has a $25,000 bond, and ADC-23-176 has a $2,500. Covington has posted neither bond. However, if the revocation petition were dismissed, Covington would face only the $2,500 bond in ADC-23-176 and possibly could post bond. Further, in *Elendil*, Elendil's incarceration was only one of two bases for which Elendil lacked an adequate remedy on appeal: his plea agreement was "imperiled by the uncertainty surrounding the agreed-upon dismissal" of the revocation petition. *Elendil* at

3

4. This peril likewise exists here, as Covington's plea agreement cannot proceed until the uncertainty surrounding the dismissal of the revocation petition is resolved. We further conclude that urgency or emergency exists as Covington's plea agreement is jeopardized by the delay in resolving the question of dismissal in ADC-22-003.

Since this case involves a purely legal question and urgent or emergency factors make the normal appeal process inadequate, we further consider whether the District Court is proceeding under a mistake of law and causing a gross injustice. Covington argues that, as it had in *Elendil*, the court erred by grafting additional requirements onto the State's motion to dismiss by asserting that it will grant the State's motion to dismiss only if the State informs the court that the State is unable to meet its burden, or if the State believes probable cause for the petition does not exist. Covington argues that, as set forth in *Elendil*, "[W]hen the State elects not to meet its burden of proof, then 'the court is required to dismiss' under Mont. Code Ann. § 46-18-203(9)." He alleges that by denying the State's motion here, the District Court intruded into the State's lawful exercise of its prosecutorial discretion to enter into a plea agreement and dismiss a revocation petition.

The District Court, however, maintains that Covington's case is distinguishable from *Elendil* because in this instance the evidentiary hearing did not occur while in *Elendil*, this Court determined the District Court erred in denying dismissal when the State did not meet its burden of proof at the evidentiary hearing by declining to offer witnesses. In his response, Judge Grubich asserts that, after he denied the State's motion to dismiss at the August 2, 2023 hearing:

> The next step would have been to begin the scheduled evidentiary hearing. The District Court asked the State for its position. The State mulled several options on the record including moving to dismiss, proceeding with the hearing, or continuing the hearing but with the State intending to call no witnesses. The State ultimately chose to proceed with the evidentiary hearing. At that time, and before the State had an opportunity to either choose to call a witness or choose to not call a witness and rest, the Defense requested a continuance, which was granted. Neither an evidentiary hearing nor a revelation of how the State would proceed at an evidentiary hearing occurred.

4

(Internal citations to August 2, 2023 transcript at 12-14 omitted.) Judge Grubich alleges:

> If Defense Counsel had not requested a continuance, the evidentiary hearing could have gone two ways. First, the State could have refused to call a witness, and the District Court, pursuant to *Elendil*, would have dismissed the Petition to Revoke because the allegations would not have been proven by a preponderance of the evidence pursuant to § 46-18-203(9), MCA. Second, the State could have proceeded in calling witnesses. It remains to be seen what the State will chose [sic] to do.

Thus Judge Grubich argues that this petition is premature. However, we have reviewed the transcript of the August 2, 2023 hearing and we do not agree with Judge Grubich's assertion that there was "no revelation of how the State would proceed at an evidentiary hearing" because the State informed the court that it would offer no evidence:

> THE COURT: I haven't been told by the State that it's unable to meet its burden; I haven't been told by the State that they don't think probable cause still remains for the petition, and given what's before the Court, I'm going to hold Mr. Covington to his sentence, I don't find a good reason to do otherwise. I don't think it's in furtherance of justice to allow repeated violations of the conditions of your suspended and deferred sentences in this case. I'm not going to – I don't find that it's in furtherance of justice to let you get away with it without being held accountable, and that's what I find. So, as to your motion to dismiss, I'm denying it. What's the State's position?
>
> MS. LYNN: Your Honor, I can either move to dismiss or continue with the hearing, in which time I have no witnesses to produce.
>
> THE COURT: Well, I've already denied the motion to dismiss.
>
> MS. LYNN: As far as the petition to revoke.
>
> THE COURT: Yes.
>
> MS. LYNN: So, the State has no witnesses, or the hearing can be set over.
>
> THE COURT: Do you wish to continue the hearing?
>
> MS. LYNN: No, Your Honor, we will proceed.

(Hearing transcript at 12-14.) At the evidentiary hearing, and upon the court's denial of the motion to dismiss, there was no mystery the State did not intend to offer witnesses.

5

The prosecutor informed the court—twice—that the State was ready to proceed and that it had no witnesses to offer. Thus, by Judge Grubich's own admission, the only action available to the court was to dismiss the petition. As in *Elendil*, rather than furthering the cause of justice, the denial of the motion to dismiss has delayed it. To continue this matter—and necessitating the continuance of sentencing in BDC-23-206—only to reconvene at a future time for the State to reiterate for a third time that it would offer no evidence, serves to delay the resolution not only of this case, but the case before Judge Best, and to needlessly prolong Covington's detention.

Having considered the petitions and responses filed, we conclude the District Court erred as a matter of law in denying the State's motion to dismiss the revocation petition in ADC-22-003. Therefore, supervisory control is warranted pursuant to M. R. App. P. 14(3).

IT IS THEREFORE ORDERED that this Petition for a Writ of Supervisory Control is ACCEPTED and GRANTED.

IT IS FURTHER ORDERED that the District Court's denial of the State's Motion to Dismiss is REVERSED.

IT IS ORDERED that this matter is REMANDED to the District Court for the purpose of DISMISSING the petition to revoke in Cause No. ADC-22-003.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Eighth Judicial District Court, Cascade County, Cause No. ADC-22-003, and the Honorable David J. Grubich, presiding.

DATED this 20 day of September, 2023.

_____

_____

_____

Justices