

FILED

11/14/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0657

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0657

KEN RAEMAEKER, SHARON RAEMAEKER,
CENTRAL MANAGEMENT, LLC; and
AMERICAN PIPE SUPPLY CO.,

Petitioners,

v.

MONTANA NINTH JUDICIAL DISTRICT
COURT, GLACIER COUNTY, THE HON.
YVONNE LAIRD, PRESIDING,

Respondent.

O R D E R

Petitioners Ken and Sharon Raemaeker, Central Management, LLC, and American Pipe Supply Co. seek a writ of supervisory control over the Ninth Judicial District Court to reverse that Court's October 19, 2023 Order in Glacier County Cause No. DR 2021-16 refusing their motion to be dismissed from the dissolution action between Ken and Sharon's son Dan and his wife Jamie.

Jamie petitioned for dissolution of her marriage with Dan and later filed an amended petition naming each of the Petitioners and alleging that they "have, or have claimed, interest in this suit." Petitioners Central Management and American Pipe Supply moved to dismiss on the ground they had been improperly joined in the action. Petitioners Ken and Sharon moved for judgment on the pleadings on the same basis. At issue are the District Court's March 19, 2022 order granting Jamie leave to file her amended petition naming Ken, Sharon, Central Management, and American Pipe Supply and its October 19, 2023 order denying the Petitioners' motions to be dismissed from the case.

The District Court relied on § 40-4-105(5), MCA, and cited authority from this Court that third parties may be joined in dissolution proceedings if they claim an interest in property alleged to be part of the marital estate. *Kubacki v. Molchan*, 2007 MT 306,

¶¶ 16, 19, 340 Mont. 100, 172 P. 3d 594. The court explained that the Petition for Dissolution indicated that marital property is a subject of the suit because of Jamie's and Dan's interests in the family businesses, Central Management and American Pipe Supply Co. Additionally, the court noted Jamie's allegation that Ken and Sharon transferred the businesses' assets and Jamie and Dan's shares in the businesses in violation of the court's Temporary Economic Restraining Order. Distinguishing other authority on which Petitioners relied, the court concluded that the pleadings adequately alleged that Petitioners claim an interest in marital property and took their allegations as true for purposes of the M. R. Civ. P. 12(b)(6) and 12(c) motions.

Petitioners argue that the District Court is proceeding under a mistake of law because Jamie's allegation that they claim an interest in marital property is not an allegation of fact entitled to be taken as true for purposes of Petitioners' Rule 12 motions. They maintain that the court made a further mistake of law when it reasoned the dissolution statutes allowed it to join Petitioners. Petitioners argue that the court has no jurisdiction over any alleged contract dispute over agreements the parties entered in 2009 allowing Ken and Sharon to buy back the business interests they conveyed to Dan and Jamie. They claim that the property of the businesses cannot be deemed marital assets and that a spouse's corporate interest may be considered and valued in the division of marital property without joining the corporate entities or majority stockholders. Petitioners assert that any contractual agreement between Ken, Sharon, Dan, and Jamie regarding the buy-back of the latter's interests is not within the court's statutory jurisdiction in a dissolution action.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). We determine on a case-by-case basis whether supervisory control is appropriate. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5,

2

361 Mont. 279, 259 P.3d 754 (citations omitted). It is the Court's general practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Westphal v. Mont. Eleventh Judicial Dist. Court*, No. OP 21-0387, 2021 Mont. LEXIS 663 (Aug. 17, 2021) (citing cases).

Petitioners argue that the District Court is proceeding under a mistake of law, causing a gross injustice. But they do not acknowledge their right to appeal from a final judgment in the action or develop any argument why appeal would not be an adequate remedy. Failing to do so, they have not demonstrated the threshold requirements for this Court's discretionary intervention.

IT IS THERFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide notice of this Order to all counsel of record in Glacier County District Court Cause No. DR-2021-16, and to the Hon. Yvonne Laird, presiding District Judge.

DATED this 14 day of November, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3