

FILED

08/26/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0508

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0508

_____

LUCAS CHARLES SALLEE,

     Petitioner,

    v.

MONTANA SIXTH JUDICIAL DISTRICT
COURT, HON. BRENDA R. GILBERT,
presiding,

     Respondent.

                      O R D E R

FILED

AUG 2 6 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

_____

At approximately 4:50 p.m. the Friday preceding his Monday trial on a charge of Vehicular Homicide While Under the Influence of Alcohol, Petitioner Lucas Charles Sallee filed a petition for writ of supervisory control and motion to stay the trial. Sallee claims that the Sixth Judicial District Court's August 22, 2024 order in limine precluding him from questioning Montana State Crime Lab witnesses about destruction of blood samples violates his constitutional right to cross-examination, right to fair trial, and right to challenge the State's evidence. Based on its prior findings of fact, conclusions of law, and order that the Crime Lab did not act contrary to Montana law when it disposed of Sallee's blood sample in keeping with its retention policy (which Sallee has not provided to this Court), the District Court ordered:

> Counsel will be entitled to inquire about whether the Defendant's blood sample was disposed of, and when the disposal occurred. Counsel will be entitled to inquire about whether the blood sample was DNA tested to confirm whether it was Defendant's blood.
>
> The Defendant will not be permitted to cross-examine the Montana Crime Lab witnesses with questions regarding "intentional destruction of the blood," "failure to preserve the blood," or "failure to follow Montana law regarding preserving the blood." Defendant is further precluded from referencing such allegations in voir dire or in argument to the jury.

This Court exercises its discretionary authority of supervisory control on a case-by-case basis following the criteria of M. R. App. P. 14(3). *Stokes v. Mont. Thirteenth Jud. Dist. Ct.*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). It is the Court's general practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Westphal v. Mont. Eleventh Jud. Dist. Ct.*, No. OP 21-0387, 405 Mont. 538, 495 P.3d 421 (Aug. 17, 2021) (citing cases). Having reviewed Sallee's petition and the District Court's Order on the State's motions in limine, we conclude that Sallee has not met the requirements for review under Rule 14(3) and is not entitled to stay his August 26 trial.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED. Sallee's motion to stay trial is DENIED as moot.

The Clerk is directed to provide notice of this Order to all counsel of record in Park County District Court Cause No. DC-2021-45, and to the Hon. Brenda Gilbert, presiding District Judge.

DATED this 26th day of August, 2024.

_____

_____

_____

_____

_____
Justices

2