FILED

10/08/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0461

T] ORIGINAI

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0461

MARVIN LEROY TIDWELL and
JOSEMERY BECKER TIDWELL,

Petitioner,

v.

MONTANA SIXTH JUDICIAL DISTRICT
COURT, PARK COUNTY, HONORABLE
BRENDA R. GILBERT, Presiding,

Respondent.

FILED

OCT - 8 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioners Marvin Leroy Tidwell and Josemery Becker Tidwell seek a writ of supervisory control to reverse the July 24, 2024 Decision and Order Regarding Defendants' Motion for Determination of a Question of Law and ERA Defendants' Cross-Motion for Partial Summary Judgment ("Decision") of the Sixth Judicial District Court, Park County, in the District Court's Cause No. DV-34-2022-76-OC. At our invitation, Baylor Carter, Tom Gierhan, Judy Kennedy, and Robyn L. Erlenbush Real Estate, P.C., d/b/a ERA Landmark Western Land, third-party defendants in the underlying case (collectively "Realtors"), and Aaron Hurvitz, Trustee of the Hurvitz Family Trust Dated January 10, 2014, plaintiff in the underlying case, responded to Tidwells' petition. ERA opposes Tidwells' petition while Hurvitz takes no position.

In the underlying litigation, Hurvitz sued Tidwells, alleging they concealed and failed to disclose defects in the residential dwelling that Hurvitz purchased from them. Tidwells filed a third-party complaint against Realtors, who were the real estate agents, broker, and agency involved in the transaction. Tidwells subsequently sought a ruling from the District Court that, as a matter of law, Kennedy and Carter were dual agents and therefore owed the duties of care required by dual agents under § 37-51-313(7), MCA.

Realtors opposed the motion and cross-motioned for partial summary judgment on this issue. The District Court ruled that Kennedy and Carter were not dual agents as a matter of law. It further granted partial summary judgment in Realtors' favor. Tidwells then petitioned this Court for writ of supervisory control.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g.; Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Here, Tidwells assert that judicial economy and the avoidance of unnecessary procedural complication, as well as the avoidance of undue cost and delay, favor supervisory control. However, Rule 14(3) also requires that urgency or emergency factors exist that make the normal appeal process inadequate. This Court has held that conserving resources, without more, is insufficient grounds to justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Court*, No. OP-19-0348, 397 Mont. 552, 449 P.3d 787 (table) (Aug. 6, 2019).

We see no reason why Tidwells would be unable to seek review of the District Court's ruling on appeal, nor why any relief they obtained from that ruling via appeal would be inadequate.

2

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Sixth Judicial District Court, Park County, Cause No. DV-34-2022-76-OC, and the Honorable Brenda R. Gilbert, presiding.

DATED this ____ day of October, 2024.

_____

_____

_____

_____

_____
Justices

3