ORIGINAL

FILED

10/18/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0508

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 22-0508

JEFF GUENGERICH, and COLTER
PROPERTIES, LLC,

      Petitioners,

v.

MONTANA SIXTH JUDICIAL DISTRICT
COURT, PARK COUNTY, HONORABLE
BRENDA R. GILBERT, Presiding,

      Respondent.

FILED

OCT 1 8 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioners Jeff Guengerich and Colter Properties, LLC (collectively "Guengerich"), seek a writ of supervisory control to reverse the Order Denying Counterclaimant's Motion to Disqualify Attorney Vuko J. Voyich from Representing Plaintiffs and Counter-Defendants made by the Sixth Judicial District Court, Park County, in its Cause No. DV-20-177. At our invitation, Victor Kaufman and Tetiana Grabovska a/k/a Tanya Kaufman (collectively "the Kaufmans"), the Plaintiffs and Counter-Defendants in the underlying litigation, have responded in opposition to Guengerich's petition.

This case involves a dispute over the alleged sale of real property in Gardiner. The Kaufmans claim that they entered into an oral contract to purchase certain real property from Guengerich and they informally closed on the property on May 22, 2020. Guengerich disputed the sale, alleging that the parties continued to negotiate for several months after May 2020, but no sale occurred as they never reached agreement on the material terms.

Litigation ensued and in May 2022, Guengerich moved to disqualify attorney Vuko J. Voyich from continuing to represent the Kaufmans in the litigation. Guengerich alleged that Voyich was a necessary witness and thus ethically barred from engaging in representation of the Kaufmans. The Kaufmans opposed Guengerich's motion to disqualify Voyich.

On August 3, 2022, the District Court issued the order denying disqualification that is the subject of the petition before this Court. Guengerich argues that the District Court erred in denying the motion to disqualify. First, he asserts that the Kaufmans waived any privilege attached to communications between the Kaufmans and Voyich regarding the alleged real estate purchase. Next, he argues that the District Court erred in determining that Voyich was not likely to be a necessary witness such that disqualification was required under Mont. R. Pro. Cond. 3.7.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). We determine on a case-by-case basis whether supervisory control is appropriate. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

Having reviewed the petition and the response, we conclude that Guengerich has not established the criteria for an extraordinary writ. The District Court made findings based on the parties' evidentiary submissions and drew its conclusions from its consideration of that evidence. We review for abuse of discretion a trial court's ruling on a motion to disqualify counsel. *Krutzfeldt Ranch, LLC v. Pinnacle Bank*, 2012 MT 15, ¶ 13, 363 Mont. 366, 272 P.3d 635. The petition does not raise an issue that is purely one of law but involves a matter of discretion; it therefore fails to satisfy the standards for supervisory control. It is the Court's general practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Westphal v. Mont. Eleventh Judicial Dist. Court*, No. OP 21-0387, 2021 Mont. LEXIS 663 (Aug. 17, 2021) (citing cases). Guengerich does not dispute that he retains the right to seek review of the District Court's disqualification order on appeal. We are not persuaded that the District Court's order is a mistake of law that will cause a gross injustice.

2

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioners, all counsel of record in the Sixth Judicial District Court, Park County, Cause No. DV-20-0177, and to the Honorable Brenda R. Gilbert, presiding Judge.

DATED this 18 day of October, 2022.

Justices