

**FILED**

01/10/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0552

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0552

**FILED**

JAN 1 0 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

STATE OF MONTANA, et al.,

Petitioners,

v.

MONTANA THIRTEENTH JUDICIAL
DISTRICT COURT, YELLOWSTONE
COUNTY, HON. MICHAEL G. MOSES,
Presiding,

Respondent.

O R D E R

Petitioner State of Montana seeks a writ of supervisory control directing the Thirteenth Judicial District Court, Yellowstone County, to vacate its September 19, 2022 Findings of Fact, Conclusions of Law, and Order Granting in Part and Denying in Part Plaintiffs' Motion Seeking Clarification of the Preliminary Injunction (Clarification Order) in that court's Cause No. DV-21-873. The State alleges the District Court erred when it ruled that the Montana Department of Health and Human Services (DPHHS) must reinstate the administrative rules that were in effect prior to the passage of SB 280, the enactment of which the District Court enjoined in a prior ruling that granted a preliminary injunction in this matter. Amelia Marquez and John Doe, Plaintiffs in the underlying matter, have responded in opposition to the State's petition.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case.

M. R. App. P. 14(3)(a)-(c). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

SB 280 had an immediate effective date and was signed into law by Governor Greg Gianforte on April 30, 2021. The preamble to SB 280 explains that the purpose of the bill is to repeal the December 2017 amendments to Admin. R. M. 37.8.102 and 37.8.311, adopted in MAR Notice No. 37-807, and enact into law the substance of the administrative rule that existed prior to the adoption of MAR Notice No. 37-807. The substance of these administrative rules provided the process by which Montanans might change the sex designation on their birth certificate. SB 280 created § 50-15-224, MCA, which provides, in relevant part, that "[t]he sex of a person designated on a birth certificate may be amended only if [DPHHS] receives a certified copy of an order from a court with appropriate jurisdiction indicating that the sex of the person born in Montana has been changed by surgical procedure."

On July 16, 2021, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief in the District Court, followed by a motion for preliminary injunction on July 19, 2021. On April 21, 2022, the District Court issued Findings of Fact, Conclusions of Law, and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and Granting Plaintiffs' Motion for a Preliminary Injunction (Preliminary Injunction Order) that enjoined the State from enforcing any aspect of SB 280 during the pendency of Plaintiffs' action. The court ruled that the preliminary injunction would maintain the status quo— "[t]he last, peaceable, noncontested condition preceding the controversy in this matter was that which existed prior to the enactment of SB 280."

Although preliminary injunctions are immediately appealable under M. R. App. P. 6(3)(e), DPHHS did not appeal the Preliminary Injunction Order. However, DPHHS also did not subsequently follow the administrative rules adopted by DPHHS in MAR Notice No. 37-807 (hereinafter referred to as the "2017 Rule"). Instead, on May 23, 2022, the State published a Notice of Adoption of Temporary Emergency Rule in which it intended to supersede the 2017 Rule with an "emergency rule" that provided for the change of the sex

2

designation on a Montana birth certificate only in two specific circumstances. In the Notice, DPHHS alleged that the Preliminary Injunction left DPHHS "in an ambiguous and uncertain situation" because the effect of the administrative rule that was issued in 2021, implementing SB 280, "was to eliminate the 2017 [R]ule." The Notice further asserted, "The [District Court] did not issue a mandatory injunction directing [DPHHS] to re-implement the 2017 [R]ule. Accordingly, there is currently no non-enjoined regulatory mechanism by which [DPHHS] can accept and process birth certificate sex identification amendment applications." On that basis, DPHHS justified its implementation of a Temporary Emergency Rule, further asserting that it intended to engage in standard rulemaking to adopt a similar permanent rule to go into effect upon the expiration of the Temporary Emergency Rule.

On June 7, 2022, Plaintiffs filed a motion in the District Court captioned "Plaintiffs' Motion Seeking Clarification of the Preliminary Injunction and to Declare Invalid the Temporary Emergency Rule Published by Defendant the Montana Department of Public Health and Human Services in Response to this Court's April 21, 2022 Order." Plaintiffs asked the District Court in part to clarify that the Preliminary Injunction Order requires DPHHS to revert to the 2017 Rule and "[o]rder that the Temporary Rule is unlawful and void because it violates § 2-4-303, MCA[.]"

On September 10, 2022, DPHHS amended Admin. R. M. 37.8.311(5) to be consistent with its Temporary Emergency Rule. (Hereinafter referred to as the "2022 Rule.")

On September 19, 2022, after further briefing and oral argument, the District Court issued the Clarification Order that is the subject of the present petition. In the Clarification Order, the District Court pointed out that the Preliminary Injunction ordered a return to the status quo, or "the last, actual peaceable, noncontested condition which preceded the pending controversy." The Preliminary Injunction Order explicitly stated, "The last actual, peaceable, noncontested condition preceding the controversy in this matter was that which existed prior to the enactment of SB 280." The court further noted that during the hearing on Plaintiffs' motion for clarification, counsel for DPHHS acknowledged that the 2017

3

Rule was in place prior to the enactment of SB 280. The court thus found that DPHHS "had knowledge of what constituted 'that which existed prior to the enactment of SB 280'" when the court issued the Preliminary Injunction Order. The court further found that although DPHHS alleged that it promulgated new administrative rules because "there was no rule in place" once the court issued the Preliminary Injunction Order, its counsel was "entirely aware" that the 2017 Rule was in place prior to the enactment of SB 280. The court found that DPHHS violated the court's Preliminary Injunction Order by issuing a temporary rule instead of reverting to the status quo.

Noting that SB 280 explicitly stated that its purpose was to repeal the 2017 Rule, the court concluded that maintaining the status quo meant reinstating the 2017 Rule. The court characterized DPHHS's position that the Preliminary Injunction Order "left no regulatory process for changing one's sex on a birth certificate" as "demonstrably ridiculous" and that "no serious argument" could be made that the Temporary Emergency Rule and the 2022 Rule constitute a return to the status quo. The court determined that it did not have jurisdiction over the Temporary Emergency Rule or the 2022 Rule, but it further concluded that DPHHS issued those rules in violation of the Preliminary Injunction, which directed DPHHS to reinstate the 2017 Rule.

The court further ruled, "To the extent necessary due to Defendants['] 'confusion,' the Court *clarifies* that with the Order issued on April 21, 2022, it required that Defendants return to the status quo—which as evidenced by SB 280 itself—is a return to the 2017 DPHHS regulations that were in effect until the enactment of SB 280." (Emphasis in original.)

This petition for writ of supervisory control followed, in which the State asserts that DPHHS need not follow the District Court's order that it reinstate the 2017 Rule.

We agree that the State's petition presents a purely legal question: Whether the District Court, which determined that it did not have jurisdiction over the 2022 Rule, nonetheless exceeded its authority in the Clarification Order by directing DPHHS to reinstate the 2017 Rule. In alleging that this matter is properly susceptible to a writ of supervisory control, the State further alleges that urgent factors make the normal appeal

4

process inadequate as the Clarification Order puts DPHHS into an untenable situation. The State claims that DPHHS must either implement the 2017 Rule, thereby violating its own administrative rules and exposing itself to potential liability under MAPA, or it must implement the 2022 Rule, thereby risking contempt of court. The State argues that the normal appeal process is inadequate because DPHHS will otherwise remain in this position until the District Court issues its final ruling on Plaintiffs' request for injunctive relief at some point in the future.

Plaintiffs oppose this Court's consideration of the writ, arguing that the Preliminary Injunction Order was immediately appealable under M. R. App. P. 6(3)(e), and that the State's failure to appeal should not now allow it to seek review via extraordinary writ by claiming that the rulings the District Court made in the Preliminary Injunction Order were not made until the Clarification Order. Plaintiffs argue that DPHHS cannot manufacture an emergency when the opportunity to appeal the substance of the rulings it wishes to challenge was readily available to it. Plaintiffs maintain that DPHHS has failed to demonstrate that an emergency exists and thus this matter is not susceptible to review on petition for writ.

However, the issue presented by the State's petition is narrower than Plaintiffs suggest: the State does not challenge the Preliminary Injunction Order, nor could it do so as M. R. App. P. 6(3)(e) explicitly provides the remedy of appeal for "an order granting or resolving, or refusing to grant or dissolve, an injunction or an attachment." It questions only whether the District Court exceeded its authority in the Clarification Order. We find it appropriate to consider this question via this petition for writ.

In its petition, the State presents two issues: First, whether the District Court ordered DPHHS to reinstate the 2017 Rule in the Preliminary Injunction Order. Although the State asserts that the District Court did not do so, the State is incorrect. The Preliminary Injunction Order was clear and required no "clarification." Given that Plaintiffs have likewise asserted that the Preliminary Injunction was not "ambiguous" or "uncertain," we question why they requested "clarification" instead of enforcement from the District Court. SB 280 explicitly stated that its purpose was "to repeal the rulemaking adopted in MAR

5

Notice No. 37-807 and enact into law the substance of the administrative rule existing prior to the adoption of MAR Notice No. 37-807." In enjoining SB 280, and thereby maintaining the status quo or "last, actual peaceable, noncontested condition which preceded the pending controversy," the District Court unquestionably reinstated the 2017 Rule for so long as its preliminary injunction remains in effect.

Next, the State argues that if the District Court either ordered DPHHS to revert to the 2017 Rules, or if the 2017 Rules automatically went into effect when SB 280 was enjoined, then the issue we must address is whether DPHHS could undertake new rulemaking. The State argues that if DPHHS was free to undertake new rulemaking, then the District Court erred in the Clarification Order when it directly or indirectly enjoined DPHHS from doing so as that matter exceeded the scope of the present litigation because Plaintiffs only challenged SB 280 and not any administrative rules. DPHHS maintains that its rulemaking authority exists irrespective of the current litigation.

The District Court found that it had no jurisdiction over the 2022 Rule. However, it further concluded that the 2022 Rule was issued in violation of the Preliminary Injunction Order, which required DPHHS "to return to the status quo and therefore . . . to the 2017 DPHHS regulations." Nonetheless, the court did not hold DPHHS in contempt.

Plaintiffs did not directly challenge the 2022 Rule, either by amending their complaint to include a request for declaratory judgment pursuant to § 2-4-506, MCA, or by petitioning DPHHS for repeal pursuant to § 2-4-315, MCA. Furthermore, Plaintiffs did not challenge the sufficiency of DPHHS's reasons for a finding of imminent peril to the public health, safety, or welfare via a petition for judicial review as provided in § 2-4-303, MCA. Although their motion for clarification asserts that the District Court had "the power to review" the sufficiency of the underlying imminent peril under § 2-4-303, MCA, they did not file a petition for judicial review as required by statute, and thus the authority to conduct this review was never given to the District Court.

In the present petition before this Court, as a remedy, the State asks us to stay the Clarification Order and "enforce the original preliminary injunction order that did not require DPHHS to enforce the 2017 Rule." As we explained above, the Preliminary

Injunction Order requires DPHHS to maintain the status quo, which reinstates the 2017 Rule for as long as the Preliminary Injunction Order—which DPHHS did not appeal—remains in effect. However, DPHHS is entitled to relief insofar as the Clarification Order purports to enjoin DPHHS from engaging in rulemaking, as Plaintiffs have not properly challenged the 2022 Rule under MAPA and its implementation therefore has not been brought before the District Court.

IT IS THEREFORE ORDERED that the State's Petition for a Writ of Supervisory Control is GRANTED IN PART to the extent that the District Court's September 19, 2022 Findings of Fact, Conclusions of Law, and Order Granting in Part and Denying in Part Plaintiffs' Motion Seeking Clarification of the Preliminary Injunction enjoins the 2022 Rule.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Thirteenth Judicial District Court, Yellowstone County, Cause No. DV-21-873, and the Honorable Michael G. Moses, presiding.

DATED this 10 day of January, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

7