ORIGINAL

FILED

04/04/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0195

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 23-0195

LEON MICHAEL FORD,

Petitioner,

v.

MONTANA FIRST JUDICIAL DISTRICT
COURT, LEWIS AND CLARK COUNTY, HON.
MIKE MENAHAN, Presiding,

Respondent.

FILED

APR 0 4 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioner Leon Michael Ford seeks a writ of supervisory control directing the First Judicial District Court, Lewis and Clark County, to hold a hearing on Ford's motion to dismiss pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978), in its Cause No. ADC-2020-493.

The Lewis and Clark County Attorney charged Ford with one count of deliberate homicide and one count of tampering with or fabricating physical evidence via Information filed September 11, 2020. According to Ford's petition to this Court, on June 10, 2022, he moved to dismiss for lack of probable cause and requested that the District Court hold an evidentiary hearing pursuant to *Franks*. Ford alleges that the County investigator made false statements in the Affidavit of Probable Cause that the State filed in support of the motion for leave to file the Information. Specifically, he argues that he has affidavits from two individuals that undercut the allegation made in the affidavit that Ford obtained 24 cable ties from his employer that were identical in size and manufacturer as cable ties that were found with the victim's remains. He further asserts that the allegation about the origin of the cable ties is "the only evidence of any kind" connecting him to the victim's remains and thus, if this allegation is false, there is no probable cause for the Information.

On February 6, 2023, the District Court held a hearing on several pending motions, including Ford's motion to dismiss. Ford, via counsel, advised the court that he intended to offer witness testimony in support of his argument that the Information lacked probable cause. The State objected, asserting, in part, that the State did not believe Ford was entitled to a *Franks* hearing, which the State understood to be at the core of Ford's request to offer witness testimony. The State asserted that the evidence linking Ford to the homicide charge was contained within the four corners of the affidavit. The State further argued that the court should not allow the hearing to "evolve into a mini trial by the defense putting on witnesses to maintain the facts which is argued in this very extensive 39-page brief as to why they should be allowed to dismiss this case for lack of probable cause. I think as a matter of law that is cited in the State's brief, there is probable cause that would allow this case to go forward."

The District Court stated it would not hold a *Franks* hearing because *Franks* pertains to affidavits that support search warrants and, although Montana has adopted *Franks* in that realm, it has not extended *Franks'* reasoning to a probable cause determination for charging purposes. The court denied Ford's motion to dismiss because it determined that the affidavit provided sufficient cause to support the charges filed in the Information.

Ford then filed this petition, arguing the District Court erred in denying his request for a *Franks* hearing. Ford asserts that some of Montana's district courts permit *Franks* hearings to challenge the probable cause underlying an Information while others do not, and he urges this Court to clarify the law and to hold that defendants may request *Franks* hearings to challenge probable cause for filing charges.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is

appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

In this case, Ford asserts that the normal appeal process is inadequate as appellate review will likely not present an opportunity for this Court to consider whether *Franks* hearings may be held to challenge the probable cause underlying an Information. He asserts that this is a purely legal question and that the due process rights such hearing implicates creates a constitutional issue of statewide importance.

This Court adopted the *Franks* procedure for a criminal defendant to challenge the truthfulness of the factual statements made in the application for a search warrant in *State v. Sykes*, 194 Mont. 14, 663 P.2d 691 (1983) (overruled on other grounds by *State v. Long*, 216 Mont. 65, 700 P.2d 153 (1985)). It modified the procedure in *State v. Worrall*, 1999 MT 55, 293 Mont. 439, 976 P.2d 968 (overruled in part by *State v. Kasparek*, 2016 MT 163, ¶ 12, 384 Mont. 56, 375 P.3d 372). Pertinent to the present petition, *Franks* provides that, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, *and if the allegedly false statement is necessary to the finding of probable cause*, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks*, 438 U.S. at 155, 98 S. Ct. at 2676 (emphasis added).

In the petition before us, Ford has not provided the motion to dismiss he filed in the District Court, although he has provided us with the relevant portion of the February 6, 2023 hearing transcript, the Information, the Affidavit of Probable Cause, and affidavits from the witnesses he represents that he would have called if he had been granted a *Franks* hearing. First, the affidavits indicate only that the possibility exists that either Ford was

3

not the employee who obtained the cable ties or that Ford obtained from his employer cable ties that were produced by a different manufacturer. Second, even if this Court expands the right to a *Franks* hearing beyond probable cause challenges to search warrants, to be entitled to such hearing, the defendant must make a substantial preliminary showing that the allegedly false statement is necessary to the finding of probable cause. Contrary to Ford's assertion that the cable ties provide the only probable cause, our review of the Affidavit of Probable Cause revealed that it enumerates multiple allegations connecting Ford to the crimes of which he is accused that are wholly unrelated to the cable ties. Therefore, our review of the record Ford has submitted convinces us that Ford would not, as a matter of law, have been entitled to a *Franks* hearing, regardless of the basis for the District Court's ruling. Thus we will not disturb that ruling via supervisory control.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk of this Court is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the First Judicial District Court, Lewis and Clark County, Cause No. ADC-2020-493, and the Honorable Mike Menahan, presiding.

DATED this 4 day of April, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

4