ORIGINAL

FILED

04/18/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0176

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0176

REBECCAH SCOTT,

Petitioner,

v.

ELEVENTH JUDICIAL DISTRICT COURT,
FLATHEAD COUNTY, HONORABLE AMY
EDDY, Presiding,

Respondent.

FILED

APR 18 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioner Rebeccah Scott seeks a writ of supervisory control to reverse the February 14, 2023 Order Granting Third-Party Petitioners Ex Parte Emergency Third Party Parenting of the Eleventh Judicial District Court, Flathead County, in its Cause No. DR-19-134A. We ordered an abbreviated time for summary response in light of the show-cause hearing that the District Court set for April 25. In accordance with that Order, Janice Scott and David Scott, third-party petitioners in the underlying matter, have filed their response urging the Court to deny the requested writ. In addition, the Court has received the District Court's April 10, 2023 order denying Rebeccah's motion to amend its February order and reaffirming the April 25 hearing schedule.

The case involves Rebeccah's 11-year-old child, who is the subject of a 2019 parenting plan entered in the Eleventh Judicial District Court. David and Janice Scott are the child's maternal grandfather and step-grandmother, respectively, and have cared extensively for the child since he was an infant. The child was residing with them and enrolled in school until Rebeccah picked him up on January 20, 2023, and took him to North Dakota. On February 14, the Scotts filed a petition for third-party parenting and simultaneously filed a motion for ex parte emergency parenting. The Scotts' affidavits asserted that Rebeccah was engaging in conduct harmful to the welfare of the child, neglecting the child, and emotionally abusing the child. They expressed their belief that, without immediate court intervention while the action

was pending, the child could suffer irreparable harm. Based on a threshold finding of good cause, the District Court ordered that the child be returned to the Scotts and remain in their primary care during the pendency of the litigation. It ordered an Interim Third-Party Parenting Plan and set a hearing for two weeks later. On Rebeccah's motion, the court continued the hearing to April 25, 2023.

Rebeccah seeks relief from the court's order on the ground that the District Court is proceeding under a mistake of law by authorizing "the taking of a child from his mother by a person not already lawfully declared to have a parent-child relationship and parental interest." She maintains that the District Court lacks jurisdiction to consider any motion for a parenting plan when there has been no determination that a parent-child relationship or parenting interest exists. The Scotts respond that they have filed an underlying petition for the establishment of parenting rights in accordance with law, and the proceeding is properly before the District Court.

In its April 10 order, the District Court observed that the Scotts did not file a petition for grandparent-grandchild contact or visitation but a petition for third-party parental rights, which is now pending. The court noted that, understanding the importance of the action, it set a show-cause hearing within fourteen days of its emergency order, which was continued at Rebeccah's request. The District Court intends to move forward with the April 25 hearing.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). We determine on a case-by-case basis whether supervisory control is appropriate. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

Under § 40-4-211(4)(b), MCA, a nonparent who has established a parent-child relationship with a child may file a petition for parenting; § 40-4-228, MCA, allows a

2

nonparent to establish a parental interest in a child if the nonparent shows by clear and convincing evidence that:

> (a) the natural parent has engaged in conduct that is contrary to the child-parent relationship; and
>
> (b) the nonparent has established with the child a child-parent relationship, as defined in 40-4-211, and it is in the best interests of the child to continue that relationship.

Section 40-4-228(2), MCA. The Scotts filed their petition and motion under these sections. At this stage in the proceeding, the District Court has determined that it has jurisdiction over the child, § 40-4-211(2)(a), MCA, and that it entered an emergency interim third-party parenting plan after finding the Scotts met their initial burden under § 40-4-220(2)(a)(ii), MCA. We are not convinced that the District Court's order constitutes a mistake of law, causing a gross injustice, or that the petition raises purely legal questions. M. R. App. P. 14(3)(a). Having reviewed the petition, the response, and the District Court's orders, we conclude that Rebeccah has not demonstrated threshold requirements for this Court's discretionary intervention in the underlying case.

IT IS THERFORE ORDERED that the petition for writ of supervisory control is DENIED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, to all parties and counsel of record in the Eleventh Judicial District Court, Flathead County, Cause No. DR-19-134A, and to the Honorable Amy Eddy, presiding.

DATED this 18 day of April, 2023.

_____

_____

_____

3

_____

_____
Justices