ORIGINAL



FILED

07/18/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0329

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0329

FILED

JUL 1 8 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ASHLEY ADAMS, et al.,

Petitioner,

v.

MONTANA FOURTH JUDICIAL DISTRICT
COURT, MISSOULA COUNTY,
HON. SHANE A. VANNATTA, Presiding,

Respondent.

ORDER

Petitioner Ashley Adams, et al., seeks a writ of supervisory control to reverse the June 2, 2023 Opinion and Order (Granting Defendant's Motion for Partial Summary Judgment —(Detention Officers)) of the Fourth Judicial District Court, Missoula County, in its Cause No. DV-22-1154. Missoula County, defendant in the underlying case, has responded and objects to Adams's petition for writ. Hon. Shane A. Vannatta, Presiding Judge, responded that the District Court would not offer any arguments in response but would defer to this Court.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386

P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court,* No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Adams explains that in the underlying case, each plaintiff is either a detention officer or a sheriff's deputy employed by Missoula County. These plaintiffs alleged that the County was incorrectly calculating their wages. The County moved for partial summary judgment, arguing that the detention officers failed to exhaust the mandatory grievance procedure under the provisions of their collective bargaining agreements. The District Court agreed, ruling that the detention officers must exhaust the grievance procedure and granting partial summary judgment in the County's favor.

Adams then petitioned this Court for writ of supervisory control, alleging supervisory control is necessary because the District Court's ruling grants the County summary judgment to some but not all of the plaintiffs and thus, if the District Court's order is allowed to stand, the detention officers will be forced to wait until the deputies' case is resolved before they can appeal this ruling. In the interim, the detention officers will have to engage in a costly and time-consuming grievance procedure in order to preserve their rights.

In response, the County asserts that supervisory control is not appropriate in this case because the detention officers have an adequate appeal remedy available to them via certification under M. R. Civ. P. 54(b). We agree. In the petition before this Court, Adams admits that the District Court's order may meet the criteria for Rule 54(b) certification but does not explain why certification was not sought. Certification under Rule 54(b) is the ordinary course for seeking review of a judgment involving fewer than all parties to a case and, if granted, affords the Court the benefit of a record and full briefing. Petitioners have not persuaded us that we should invoke the extraordinary measure of supervisory control to review their claims at this stage of the case.

IT IS THEREFORE ORDERED that Adams's Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioners, all counsel of record in the Fourth Judicial District Court, Missoula County, Cause No. DV-22-1154, and the Honorable Shane A. Vannatta, presiding.

2

DATED this ___18___ day of July, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3