

FILED

12/27/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0685

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0685

STATE OF MONTANA,

Petitioner,

v.

MONTANA FOURTH JUDICIAL DISTRICT
COURT, MISSOULA COUNTY, HON.
ROBERT L. DESCHAMPS, III, PRESIDING,

Respondent.

FILED

DEC 27 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioner State of Montana seeks a writ of supervisory control over the Fourth Judicial District Court, Missoula County, in Cause No. DC-22-711, a criminal proceeding against Defendant Jonathan Partain. The State alleges that, after accepting Partain's plea of guilty to a felony offense pursuant to a plea agreement, the District Court changed its mind at sentencing and sua sponte found Partain guilty of a lesser, misdemeanor charge. At the Court's invitation, in accordance with M. R. App. P. 14(7), Partain and the Respondent District Court have responded. Both urge the Court to deny the petition.

The State charged Partain with the offenses of sexual abuse of children (victim under the age of 16), in violation of § 45-5-625(1)(b), (2)(b), MCA, a felony, and with surreptitious visual observation or recordation in a residence, a misdemeanor, in violation of § 45-5-223(1)(b), MCA. Both charges related to an incident in which Partain had placed his cell phone in the bedroom of his adopted daughter and recorded a video of her changing her clothes. The parties reached a plea agreement under which Partain would plead guilty to the felony charge and the State would dismiss the misdemeanor and recommend that Partain be committed to the Department of Corrections for ten years, suspended, under the supervision of Adult Probation and Parole and subject to specific enumerated standard and special conditions. At the change of plea hearing on August 15, 2023, Partain

acknowledged his conduct, told the District Court he had acted on a "sexual impulse" that was "one of those things [he would] eternally regret," and entered his guilty plea to the felony charge. The District Court accepted the plea and ordered a presentence investigation report (PSI). At the prosecutor's request, the court dismissed the misdemeanor count "without prejudice, pending sentencing." The Amended Information was filed the same day, containing the single felony charge to which Partain pleaded guilty.

At the October 30 sentencing hearing, the District Court began with an apology to the victim, stating that after reviewing her and her mother's letters to the court, the psychosexual evaluation, and numerous letters submitted to the court in advance of sentencing, it had determined that it should have rejected the plea agreement, as the case did not support the felony the State charged. The court announced that it was rejecting the plea agreement and would impose sentence on the misdemeanor charge instead. The prosecutor objected, explained his objection, and—with the court's permission—had the victim advocate read an updated statement from the victim. The court then proceeded to impose a two-year deferred sentence on the misdemeanor charge of surreptitious observation or recordation, with numerous conditions, subject to misdemeanor probation supervision. The State filed its petition with this Court on November 22, 2023, and asked for a stay of entry of judgment, apparently unaware that the District Court had filed the written judgment on November 20.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). We determine on a case-by-case basis whether supervisory control is appropriate. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). It is the Court's general practice to refrain from exercising supervisory control when the petitioner has an

2

adequate remedy of appeal. *E.g., Westphal v. Mont. Eleventh Judicial Dist. Court*, No. OP 21-0387, 2021 Mont. LEXIS 663 (Aug. 17, 2021) (citing cases).

The State maintains that it has no remedy of appeal because the District Court did not dismiss the case or modify a verdict but *sua sponte* amended a guilty plea to a lesser charge at the sentencing hearing. *See* § 46-20-103(2)(a), (b), MCA. Partain responds that this Court lacks jurisdiction to entertain the petition because the judgment already had issued and Partain already was on probation when the petition was filed, stating, "not only is there no emergency, but in fact the matter at district court is closed." Partain argues that the State has a right to appeal the final judgment because the District Court's decision had "the substantive effect of dismissing a case," modified or changed a finding as prescribed in § 46-16-702(3)(c), MCA, and, under the State's interpretation, imposed a sentence that is contrary to law—all of which are included in the statute permitting the State to appeal in a criminal case. Section 46-20-103(2)(a), (b), (h), MCA. The District Court takes a similar view and also relies on § 46-13-401(1), MCA, which provides:

> The court may, either on its own motion or upon the application of the prosecuting attorney and in furtherance of justice, order a complaint, information, or indictment to be dismissed. However, the court may not order a dismissal of a complaint, information, or indictment, or a count contained in a complaint, information, or indictment, charging a felony, unless good cause for dismissal is shown and the reasons for the dismissal are set forth in an order entered upon the minutes.

The District Court notes further, echoing Partain's argument, that § 46-16-702(3)(c), MCA, permits a court, on a motion for new trial, "if justified by law and the weight of the evidence," to "modify or change the verdict or finding by finding the defendant guilty of a lesser included offense or finding the defendant not guilty." The District Court posits, "Perhaps there might have been a more technically correct procedure, but MCA § 46-1-103(3) commands that 'Any irregularity in a proceeding specified by this title that does not affect the substantial rights of the accused must be disregarded.'"

Although the District Court discusses primarily the first sentence of § 46-13-401(1), MCA, that sentence is not applicable because the court did not order the information to be

3

dismissed. Nor are we persuaded that § 46-16-702(3)(c), MCA, invokes the State's right of appeal under § 46-20-103(2)(b), MCA, because Partain did not move for a new trial. The District Court instead, on its own motion, dismissed the felony charge and proceeded on the second count of the original information. That count had been dismissed without prejudice, however, "pending sentencing." At the time of the sentencing hearing, the final judgment had not effectuated the parties' plea agreement. We do not here decide whether the District Court acted outside its statutory authority when it rejected the plea agreement at sentencing and sentenced Partain to a misdemeanor offense. We conclude on this record, however, that the State has a right to appeal the final judgment under § 46-20-103(2)(h), MCA, which provides that the State may appeal from any court order or judgment if the substantive effect results in imposing a sentence that is contrary to law. In this case, the State effectively challenges the District Court's lawful authority to impose sentence on a charge on which the defendant had neither pleaded guilty nor been convicted and which, in fact, no longer was contained in the effective charging document. Because there is an adequate remedy of appeal, we conclude that the requirements for supervisory control are not established.

IT IS THEREFORE ORDERED that the Petition for Supervisory Control is DENIED without prejudice to the State's right to appeal the final judgment in Partain's criminal case.

The Clerk is directed to provide notice of this Order to counsel for Petitioner, to all counsel of record in the Fourth Judicial District Court, Missoula County, Cause No. DC-22-711, and to the Honorable Robert L. Deschamps, III, presiding.

DATED this 27 day of December, 2023.

_____

_____

_____

4

_____

_____
Justices