ORIGINAL

FILED

04/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0189

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 24-0189

_____

HELEN SNEATH,

    Petitioner,

v.

MONTANA FOURTH JUDICIAL DISTRICT
COURT, MISSOULA COUNTY,
HON. JOHN W. LARSON, Presiding,

    Respondent.

O R D E R

FILED

APR 2 3 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

_____

Petitioner Helen Sneath, via counsel, seeks a writ of supervisory control over the Montana Fourth Judicial District Court in Cause No. DR-20-243 to vacate that court's March 22, 2024 Order Regarding Parenting. Sneath maintains the District Court erred by issuing that Order during an unrelated criminal arraignment for Ian Stewart, Respondent in Sneath's domestic relations matter, without the presence of Sneath and her counsel.

After receiving Sneath's petition for writ, we requested the District Court and/or Respondent Ian Stewart to file a summary response pursuant to M. R. App. P. 14(7). Both Stewart and the District Court have since responded.

Sneath and Stewart agreed upon a parenting plan which was adopted via District Court order on July 18, 2023. On February 29, 2024, Sneath filed an Emergency Ex Parte Motion that requested suspension of Stewart's parenting time pursuant to § 40-4-220(2)(a)(ii), MCA, because Stewart had been arrested that day for felony driving under the influence. The District Court promptly issued an Order Suspending Parenting Time and Order Setting Show Cause hearing. The court initially set the show cause hearing for April 3, 2024. Sneath then moved, over Stewart's objection, to continue the hearing because of a scheduling conflict. The court then reset the show cause hearing to March 21, 2024, to be held in conjunction with Stewart's criminal arraignment on the DUI charge.

Sneath again moved to continue the show cause hearing. The District Court then reset the show cause hearing for April 5, 2024. However, Stewart's criminal arraignment proceeded as scheduled on March 21, 2024.

At Stewart's criminal arraignment, which Sneath and her counsel did not attend, the District Court vacated its order granting Sneath's emergency ex parte motion in the domestic relations case. Its March 22, 2024 Order Regarding Parenting allowed Stewart to resume his parenting time in accordance with the stipulated parenting plan so long as he remained in compliance with the conditions of release set in his criminal case. The court further vacated the April 5, 2024 setting for the show cause hearing.

Sneath petitioned this Court for supervisory control, arguing the District Court erred by vacating the ex parte order and resuming the parenting schedule as set by the stipulated parenting plan in violation of her right to due process, as she was deprived of the opportunity to be heard. She asks that we exercise supervisory control, reverse the District Court's March 22, 2024 Order Regarding Parenting, and order the District Court to conduct a show cause hearing regarding Sneath's emergency ex parte motion, with both Sneath and Stewart present.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont.*

*Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Sneath argues that urgent or emergency factors exist that make the normal appeal process inadequate in this case because the District Court's order reinstating Stewart's parenting time, without providing Sneath the opportunity to be heard, places the children at risk of harm or endangerment as Stewart may drive while intoxicated with the children in the vehicle. Sneath maintains that the issue before this Court is a purely legal issue as the only question is whether a district court may adjudicate a domestic relations matter during a hearing for a separate criminal case while one of the parties to the domestic relations matter is absent.

In responding to Sneath's petition, the District Court concedes it should not have vacated the order it issued in response to Sneath's February 29, 2024 emergency ex parte motion absent a show cause hearing. However, it further advises us that on April 1, 2024, it set a hearing in the domestic relations case to discuss "all outstanding issues" on April 5, 2024, at 3:00 p.m.—the same date and time as it had previously set the show cause hearing. The District Court maintains that its decision to vacate the ex parte order suspending Stewart's parenting time was reasonable in light of the conditions of release to which Stewart was subject in the criminal case, and it further asserts that the April 5, 2024 hearing allowed the parties to be heard on all outstanding issues. During the April 5, 2024 hearing, the District Court gave Sneath the opportunity to address the criminal case as it relates to Stewart's parenting time, but Sneath did not renew a motion to suspend his parenting time.

Although the procedure followed to vacate the ex parte order suspending Stewart's parenting time may have been improper, the District Court subsequently provided Sneath the opportunity to be heard and to offer evidence as to why Stewart's parenting time should remain suspended in light of the circumstances. At this juncture, there is no further relief this Court could offer by way of supervisory control.

3

IT IS THEREFORE ORDERED that the petition for a writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Fourth Judicial District Court Cause No. DR-20-243, and to the Honorable John W. Larson, presiding District Judge.

DATED this 23rd day of April, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

4