ORIGINAL



**FILED**

09/17/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0533

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0533

E. D.,

        Petitioner,

    v.

MONTANA THIRTEENTH JUDICIAL
DISTRICT COURT, YELLOWSTONE
COUNTY, THE HONORABLE ASHLEY
HARADA, Presiding,

        Respondent.

**FILED**

SEP 1 7 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioner E.D., Mother of three children presently involved in a dependent-neglect proceeding pending in the Thirteenth Judicial District Court, petitions for a writ of supervisory control to reverse the court's September 5, 2024 Order in that court's Cause No. DN 24-161. The Order recognizes that the Department of Public Health and Human Services has emergency protective services over the child, K.D., designates the Department as the child's personal representative for purposes of the Federal Health Insurance Portability and Accountability Act (HIPAA) regulations, and authorizes the Department to consent to medical, dental, and psychological care for the child. On Mother's motion, we granted an emergency stay of the order and invited the Department, the District Court, or both, to respond within seven days. The Department filed its response late yesterday afternoon, together with additional materials from the record.

Mother takes issue with the Department's plans to proceed with surgical placement of tubes in K.D.'s ears to alleviate ongoing ear infections. Mother objects to the surgery at this time and contends that the District Court is proceeding under a mistake of law by authorizing the process at this stage of the DN proceedings, when the court has not yet adjudicated the children as youths in need of care or granted the Department temporary legal custody. The Department disagrees that the District Court lacked legal authority for

its ruling and contends that Mother's petition does not present purely an issue of law, as the court heard evidence and found that the child's medical need justified Department intervention. Though neither party has provided this Court with a transcript, the Department supplies additional facts from the August 27, 2024 evidentiary hearing, supported by citations to the transcript.

This Court exercises its discretionary authority of supervisory control on a case-by-case basis following the criteria of M. R. App. P. 14(3). *Stokes v. Mont. Thirteenth Jud. Dist. Ct.*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Having reviewed both parties' submissions, the Court concludes that Mother has not met those criteria. We are not convinced the District Court made a mistake of law causing a gross injustice when, having granted Emergency Protective Services, it authorized the Department to consent to medical, dental, and psychological care for the child. *See* § 41-3-427(2)(h), MCA. The court held an evidentiary hearing at which it afforded Mother the opportunity to offer evidence and to challenge the doctor's recommendations and the foster mother's description of K.D.'s condition. From the substantial evidence the parties presented, the District Court found as a matter of fact that the treatment was medically warranted and should not be delayed. It is not the function of a writ of supervisory control to review a district court's factual findings, as such extraordinary relief is reserved for questions of law.

IT IS THEREFORE ORDERED that this Court's stay of the District Court's September 5, 2024 order is lifted, and the Petition for Writ of Supervisory Control is DENIED.

The Clerk shall give immediate notice of the entry of this Order to all counsel of record in Thirteenth Judicial District Cause No. DN 24-161 and to Hon. Ashley Harada, Presiding Judge.

DATED this 17 day of September, 2024.

_____
Chief Justice

2

_____

_____

_____

_____
Justices