

FILED

09/25/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0528

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0528

BENNY STEWART,

Petitioner,

v.

MONTANA SECOND JUDICIAL DISTRICT
COURT, HONORABLE ROBERT J. WHELAN,
PRESIDING,

Respondent.

FILED

SEP 25 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Benny Stewart has filed a Petition for Writ of Supervisory Control, pursuant to M. R. App. P. 14. Stewart explains that he filed a motion for summary judgment, pursuant to M. R. Civ. P. 56, in the Butte-Silver Bow County District Court, asserting that the District Court lacked subject matter jurisdiction in his criminal case. Citing to the Montana Rules of Civil Procedure, he puts forth that the issue of subject matter jurisdiction may be raised at any time. Stewart requests that this Court take control of the District Court since it has not acted on his pending motion.

As Stewart notes in his pleading, supervisory control is an extreme remedy. While this Court has supervisory control over all other courts, pursuant to the Montana Constitution, this Court recognizes that supervisory control is appropriate on a case-by-case basis. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754. A petitioner must demonstrate a case with purely legal questions and urgent or emergency factors making the normal appeal process inadequate, along with one of the three listed criteria under our rules. M. R. App. P. 14(3).

Upon review, we conclude that supervisory control is not appropriate here. First, Stewart's criminal case has been closed in the District Court since April 2011, when the judgment was entered. Stewart appealed, and this Court affirmed his conviction. *See State*

*v. Stewart*, 2012 MT 317, ¶¶ 1, 73, 367 Mont. 503, 291 P.3d 1187. Consequently, there is no pending proceeding in the District Court over which supervisory control could be taken. Second, the Montana Rules of Civil Procedure do not apply in a criminal case, and Stewart cannot use such a rule to re-open a case. M. R. Civ. P. 1. Accordingly,

IT IS ORDERED that Stewart's Petition for Writ of Supervisory Control is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to: the Honorable Robert J. Whelan, District Court Judge; Beth Parks, Clerk of District Court, under Cause No. DC-09-194; counsel of record, and Benny Roe Stewart personally.

DATED this 25 day of September, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

2